## CHARLES SAUNDERS *versus* SAMUEL WILLIAMS and J. K. PICKERING, and another, his trustees.

| 5 | 213 |
| 66 | 558 |
| 5 | 213 |
| 67 | 213 |
| 68 | 542 |
| 5 | 213 |
| 69 | 397 |

On the 27th October, 1825, a commission of bankruptcy issued against W. in England, where he had long resided and been established as a banker, in consequence of an act of bankruptcy previously committed by him, and in pursuance of the commission, all his property, including debts due to him, was transferred to the assignees. After this, a creditor of W. here, summoned one of his debtors here as his trustee, and it was held that such debtor was chargeable.

IT was disclosed in the answer of the trustees in this case, that they were indebted to Williams, the principal, but that a commission of bankruptcy had issued against Williams in England, where he had long resided and been established as a banker, on the 27th of October, 1825, in consequence of an act of bankruptcy previously committed by him, and in pursuance of the commission so issued, the commissioners of bankruptcy assigned to the assignees all the property of Williams, including the debts due to him ; and that the said trustees had notice of the said assignment by the commissioners in England, on the 3d March, 1829. The process in this case was served upon the trustees on the 14th April, 1826.

*Hackett*, for the plaintiff.

RICHARDSON, C. J. In this case the trustees must be charged, unless the debt due from them to the principal has been legally transferred to the assignees in England ; and the question is, whether an assignment by commissioners of bankruptcy in England, can operate as a legal transfer of the property of the bankrupt here, the bankrupt having his domicil in England, so that his debtor, when summoned to answer in our courts by process of foreign attachment, at the suit of a creditor here, cannot be adjudged trustee ?

The principles, which must govern the decision of this question, have been so fully and elaborately discussed, both in the courts of England, and of this country, that

nothing remains to be done but to collect from the adjudged cases, what is now to be considered as settled law, and to refer to those cases for the grounds on which it stands.

It must now be considered as a clear proposition of law, that personal property has no locality, but is subject to that law which governs the person of the owner, except in cases which directly militate against the particular laws of the country in which it happens to be located. This principle is founded upon the mutual respect, amity and convenience of nations.

Thus the succession to the personal estate of an intestate, is to be regulated by the law of the country, in which he was a domiciled inhabitant at the time of his death, without any regard to the place of his birth, or death, or to the situation of the property, at the time. 3 Vesey, 198, *Bempde* v. *Johnson* ; 5 ditto, 750, *Somerville* v. *Somerville* ; 1 Mason, 381, *Harvey* v. *Richards.*

So a will of personal property must be executed according to the law of the testator's domicil at the time of his death, and if it be void by that law, it will not pass personal property in a foreign country, although it be executed with all the formality required by the laws of that country. 1 Binney, 336, *Desesbats* v. *Berquier* ; 5 East, 131 ; 9 Mass Rep. 355.

A voluntary assignment, made *bona fide* by a debtor of all his property, for the benefit of all his creditors is valid, and will pass debts due to him in foreign countries. 4 Johns. C. C. 487 ; 1 H. Bl. 690 ; 2 ditto, 405 ; 6 Pick. 307.

And it has been thought by some, that a transfer of personal property to the assignees of a bankrupt, agreeably to the laws of the country where the bankrupt has his domicil, was equivalent to an assignment of the same property by the bankrupt himself, and so passed the title wherever the property might be. 4 Johns. C. C. 487 ; 1 H. Bl. 693 ; 4. D. & E. 182, *Hunter* v. *Potts.*

But it must now be considered as a part of the settled

jurisprudence of this country, that a prior assignment in bankruptcy, under a foreign law, will not be permitted to prevail against a subsequent attachment by an American creditor, of the bankrupt's effects found here. 2 Kent's Com. 329 ; 6 Pick. 286, *Blake* v. *Williams* ; 4 Cowen, 510, note ; 20 Johns. 229 ; 5 Cranch, 289.

The rule, which must give effect here to a bankrupt law of a foreign country, is a mere rule of amity, and not of inter-national law, and in the present circumstances of this country, it is thought that no rule of amity can require us to give effect to a foreign law of bankruptcy here, in such a manner as to deprive our own citizens of the remedy which our own laws give them against the property of their foreign debtors, which may be found in this country.

We are of opinion that the trustees in this case must be charged.