## CHARLES DOUGLAS AND JESSE FARNUM *versus* JOHN B. OLDHAM.

The *lex loci contractus* settles the nature, validity, construction and effect of a contract ; but the *lex fori* settles what is the proper form of action to be brought for a breach of it.

Assumpsit, and not covenant, was held to lie in this state on a written contract, not under seal, but having, against the names of those who signed it, what is called a scroll, which, in the place where the contract was made, was considered as a seal.

COVENANT BROKEN, upon an instrument, in the following words. " This agreement, made this 15th day of December, 1818, by and between Charles Douglas, and Charles Douglas, attorney for Jesse Farnum, of the first part ; and John B. Oldham, of the second part, witnesseth, that the said party, of the first part, hath, this day, agreed to sell unto the said party of the second part,—the following described tract of land situated in Franklin, No. 3, and in Connecticut Western reserve in the state of Ohio, &c. And the said party of the second part doth agree to pay for the land aforesaid at the price of $4,50 per acre, &c.

In witness whereof we the parties have hereunto inter

changeably set our hands and seals the day and year above written."

> JOHN B. OLDHAM, and scroll.
> CHARLES DOUGLAS, " scroll.
> CHARLES DOUGLAS,
> attorney for JESSE FARNUM, " scroll,

The cause was submitted to the decision of the court on the following case.

The instrument, on which the action is founded, is not under seal, but there is, against the names, what, in Ohio, is called a scroll. It was executed in the state of Ohio, and by the statute of Ohio a scroll has the same force of a seal. At the time this instrument was executed the plaintiffs, were inhabitants of Massachusetts, and Oldham, of New Hampshire.

*Handerson*, for the defendant, contended that if the instrument could be considered as a deed, it was not the deed of Jesse Farnum. A deed executed by an attorney, to be valid, must be executed in the name of the principal. 16 Mass. Rep. 42 ; 4 N. H. Rep. 102 ; 5 ditto, 461.

But the instrument is not a deed, and covenant does not lie. 2 Mass. Rep. 84, *Pearsall* v. *Dwight* ; 1 H. Bl. 135, *Folliott* v. *Ogden* ; 5 Johns. 239, *Warren* v. *Lynch* ; 1 Bos. & Puller, 360 ; 2 Pick. 11 ; 4 Cowen, 508, *Andrews* v. *Herriott.*

*Alexander* and *J. Parker*, argued for plaintiffs at the last term.

1. This instrument purports to be the deed or contract of Farnum, both in the commencement and execution of it. " Charles Douglas attorney for Jesse Farnum" is equivalent to *Jesse Farnum by Charles Douglas attorney.* There can be no particular virtue in one name preceding or following the other. It is indifferent whether an attorney sign a deed B. W. for R. C. or R. C. by B. W. his attorney. 2 Starkie's Evid. 477, note 1, cites *Jones' Devisees* v. *Carter, Ex* ; Hen. & Mun. 184.—See also 2 East, 142, *Wilks* v. *Back* ; 11 Mass. Rep. 97, *Long* v. *Coburn.*

Douglas et a.
     v.
  Oldham.

In the case relied on for defendant, the attorney set his own name only to the instrument.

Here it is not denied that the attorney was duly authorized—he professed to act for and in the name of his principal—the defendant contracted with the principal—and the principal has, moreover, adopted the act of his attorney by bringing the suit.

2. If a scroll is not a sufficient seal on a contract executed in this state, it is sufficient in this case, the contract having been executed in Ohio, where, by statute, a scroll is equivalent to wax or wafer.  2 Caine's Rep. 362, *Meredith* v. *Hinsdale* ; 1 Bos. & Pul. 360, *Adams* v. *Kers* ; 1 Phil. Ev. 416.   The nature and effect of the contract are to be governed by the *lex loci contractus.* 2 N. H. Rep. 45, *Houghton* v. *Page* ; extract from Huber, see 3 Dall. Rep. 371, note.   It is subject to such law " for its construction and its legal qualities and character."   By Parker, C. J. 13 Mass Rep. 156, *Hull* v. *Blake* ; see also Bayley on Bills, 28, (Phillip's & Sewall's Edition.)

There is nothing here to bring the case within any of the exceptions to the general rule.

*Warren* v. *Lynch* 5 Johns. Rep. 237, was decided upon the ground that, by the terms of the contract, it was to be performed in New York though executed in Virginia, and does not conflict, therefore, with *Meredith* v. *Hinsdale.*

But there is nothing in the terms of the contract here, to show that it was intended to be performed in any other state than that in which it was made— 8 Johns. Rep. (2 Ed.) 146, *Thompson* v. *Ketcham* ; 2 Mass. Rep. 89, *Pearsall* v. *Dwight et a.* ; 1 Cowen, 103, *Sherrill* v. *Hopkins.*   On the contrary it shows that performance in Ohio was contemplated ; for it relates to the conveyance of land in that State, and the payment of taxes on it.

Nor is this a " dispute concerning the mere form of the pleadings."

The enquiry is, first, whether this instrument is in its nature, effect, character and construction a specialty, and

valid as such, or whether it is a contract by parol.   This Douglas et a.
is to be settled by the *lex loci*, and, being settled, all ques-   v.
tions as to the appropriate remedy—the proper form of    Oldham.
action upon a specialty—the mode of proceeding to judg-
ment and execution—" the means and manner of enforc-
ing" the contract, are to be determined by the *lex fori*.

To test the correctness of this position—Interest is
payable according to the laws of the country where the
contract is made, unless, by its terms or nature, it is to
be performed elsewhere.   4 Johns. Rep. 183, *Foden v.
Sharp*; 17 Johns. 511, *Fanning* v. *Consequa*; 12 Mass.
Rep. 4, *Winthrop* v. *Carleton.*   So discharges of contracts,
by operation of law, are governed by the " law of the
place," as discharges under insolvent laws, existing at
the time the contract was entered into. 13 Mass. Rep. 1,
*Blanchard* v. *Russell*; 16 Johns. Rep. 233, *Mather* v. *Bush.*
So of defences which show the contract void, as usury.
2 N. H. Rep. 42, *Houghton* v. *Page.*

Suppose, then, the laws of Ohio, existing at the time
this contract was executed, made a distinction between
specialties and simple contracts ; and gave, on a simple
contract, a lower rate of interest than on a specialty ;
or provided for an insolvent discharge upon the first and
not the other, and such discharge was attempted to be set
up ; or made the first void for usury and not the other.
The court must first determine whether the contract
was a specialty, in order to determine the rate of inter-
est, or try the applicability of the discharge, or setttle
whether the defence of usury could avail—and it would
be preposterous to say that this should be held to be a
simple contract by the *lex fori*, and then held void for
usury, or discharged by an insolvent certificate or a less
rate of interest allowed on it by the application of the
*lex loci.*

*By the court.** We have no doubt, that the nature, va-
lidity, construction, and effect, of the contract are to be

---

* PARKER, J. having been of Counsel did not sit.

Douglas et a.
    v.
 Oldham.

settled by the laws of Ohio.    But the question now to be decided is, does covenant lie on this instrument ?    This question must be settled, not by the law of Ohio,  but by our own law, and we think it very clear that, however it may be in Ohio, this paper cannot be considered here as a deed.  There is nothing upon it which we can consider as a seal.    Assumpsit, then,  and  not covenant, is the proper action, and there must be

*Judgment for the defendant.*