## Sanderson & a. *vs.* Bradford & Trustee.

A general assignment of property, for the benefit of creditors, by a citizen of Massachusetts, in conformity with the insolvent laws of that state, will operate to transfer a debt due from a citizen of this state, as against creditors of the assignor, who are citizens of a foreign government, and who attempt to appropriate the debt here to the payment of their demand, by means of the trustee process.

Whether an assignment made by a citizen of another state, in conformity with the laws of such state; but which gives preferences unknown to our laws, and which would for that reason be invalid here; can be admitted to transfer personal property, or debts, within this state, as against our own citizens, who are creditors of the assignor—*quere?*

FOREIGN ATTACHMENT. The trustee stated, in his disclosure, that at the time of the service of the plaintiffs' writ on him, April 28, 1837, he was indebted to the defendant, on account, to the amount of $177·59; and that on the 24th day of April, 1837, the defendant, by a deed of assignment, a copy of which was annexed and made a part of the disclosure, bargained, sold, consigned and transferred to one William Greenough all his lands, tenements, goods, chattels, choses in action, property and effects, of whatsoever name, nature and kind, and wheresoever the same might be; and the trustee thereupon submitted to the decision of the court whether, under the circumstances, he was chargeable as trustee.

The deed of assignment purported to be between Bradford, of the first part; Greenough, of the second; and such persons as were entitled to be deemed creditors of Bradford, of the third part. It recited that the party of the first part was indebted to divers persons, in considerable sums of money, which he was then unable to pay in full; and that he was desirous to convey all his property for the benefit of all his creditors, without preference or priority, other than that provided by law; and transferred all his property, of every description, except what was exempted by law from attachment, to the party of the second part, in trust, to sell

and convert the same into money, and pay, 1. Any debts that by the laws of the United States, or of Massachusetts, were entitled to a preference. 2. All costs and charges of the trust. 3. To distribute the remainder to and among all the parties of the third part, according to the true intent and meaning of an act entitled an act to regulate the assignment and distribution of the property of insolvent debtors.

The party of the second part covenanted with the other parties to execute the trust ; and Bradford made oath that he had, by the assignment, conveyed all his property not exempted by law from attachment, for the benefit of all his creditors, according to the true intent and meaning of the statute.

The assignment was executed in Massachusetts. It appeared from the writ that the plaintiffs were inhabitants of Sheffield, England, and the principal defendant, Bradford, was of Boston, Massachusetts.

*Goodrich,* (of Mass.) & *Hackett,* for the plaintiff, in a written argument cited 5 *N. H. Rep.* 215, *Saunders* vs. *Williams ;* 6 *Pick. R.* 286, *Blake* vs. *Williams ;* 5 *Cranch's R.* 289, *Harrison* vs. *Sterry ;* 20 *Johns. R.* 229, *Holmes* vs. *Remsen ;* 12 *Wheaton's R.* 213, *Ogden* vs. *Saunders ;* 1 *Paige Ch. R.* 236, *Plestoro* vs. *Abrahams ;* 3 *Wend.* 538, *Abrahams* vs. *Plestoro ;* 2 *Kent's Com.* (3d ed.) 405, 407 ; *Ditto* 401 ; *Story's Conflict of Laws* 336 ; 2 *Har.* & *McHenry's R.* 463, *Wallace* vs. *Patterson ;* 3 *Mason's R.* 89, *Hinkley* vs. *Marean ;* 3 *Wash. Cir. Ct. Rep.* 19, *Green* vs. *Sarmiento ;* 13 *Mass. R.* 146, *Ingraham* vs. *Geyer ; Story's Confl. of Laws* 349 ; 6 *Binney's R.* 353, *Milne* vs. *Moreton ;* 5 *Greenl.* 245, *Fox* vs. *Adams ;* 8 *Jurist* 284, *Lord* vs. *Brig Watchman ;* 15 *Mass. R.* 419, *Tappan* vs. *Poor ;* 13 *Mass. R.* 6, *Blanchard* vs. *Russell ;* 2 *N. H. Rep.* 47, *Houghton* vs. *Page ;* 2 *Mass. R.* 89, *Pearsall* vs. *Dwight ;* 1 *Bell's Comm.* 685.

*Emery*, (with whom was *Bartlett*,) for the trustee, cited 16 *Pick. R.* 25, *Whipple* vs. *Thayer ; Ditto* 36, *Daniels* vs. *Willard ; Ditto* 335, *Burlock* vs. *Taylor ; Ditto* 570, *Newman* vs. *Bagley ; Story's Conflict of Laws* 312–315, 346 ; 5 *N. H. Rep.* 415, *Saunders* vs. *Williams ;* 11 *Wheat. R.* 361, *Shelby* vs. *Guy ;* 3 *Wheat. R.* 541, *Murray* vs. *Baker ;* 6 *Pick. R.* 89, *Abbot* vs. *Bayley ;* 20 *Johns. R.* 229, *Holmes* vs. *Remsen ;* 6 *Binn. R.* 353–361, 369, *Milne* vs. *Moreton ;* 6 *Pick. R.* 286, *Blake* vs. *Williams ;* 8 *American Jurist* 289.

PARKER, C. J.    This case has been argued by the counsel for the plaintiffs, on the apparent assumption that the plaintiffs are citizens of this state ; and by the counsel for the defendants, as if the plaintiffs were inhabitants of Massachusetts. The disclosure of the trustee contains nothing upon this point ; but upon an inspection of the writ it appears that the plaintiffs are there described as inhabitants of Sheffield, in England, and as there is no evidence in the case to show that they have in fact any other domicil, we must take their residence to be as it appears by the record. Such being the case, some of the matter to which we have been referred, in the authorities cited, is inapplicable.

This assignment, had it been made by a citizen of this state, would have been invalid, by the provisions of our statute of July 5, 1834, for the equal distribution of property assigned for the benefit of creditors. It contains a provision preferring debts that are entitled to preference by the laws of Massachusetts. What those preferences are, we have no information. *Ante* 108, *Hurd* vs. *Silsby & Trustees.* The property, also, is to be distributed among the parties of the third part according to the provisions of a statute of Massachusetts, to regulate the assignment and distribution of the property of insolvent debtors. Probably that act provides for an equal distribution among the creditors, according to the amount of the respective claims, after debts which par-

Sanderson *v.* Bradford & Trustee.

take somewhat of a public character are satisfied ; but upon this the case furnishes nothing, except what may be derived by inference from the recitals in the assignment, and the oath of the assignor, appended to it. But these matters do not require further consideration in the present instance. The oath of the assignor is, that he had, by the assignment, conveyed all his property, not exempted by law from attachment, for the benefit of all his creditors, according to the true intent and meaning of the statute of that state. The oath required to be taken by our statute is in different terms ; and for this reason, if for no other, the assignment, had it been made here, by a citizen of this state, must have been held void, as against all creditors, wherever domiciled.

But our statute was, of course, not intended to regulate transfers, or assignments, by citizens of foreign governments. Bradford, the assignor, and principal defendant, is an inhabitant of Massachusetts. The assignment was executed there, with reference to the laws of that place, and is confessedly good and operative there, upon all property actually situate in that state. At the time of making it, a debt was due to Bradford from the trustee, a citizen of this state, and the question is, whether the assignment operated to transfer this debt. The solution of this question will depend upon the effect to be given here to the laws of Massachusetts, where the assignment was made, and where the debtor had his domicil at the time.

It is an admitted proposition, that personal property has no locality, but is subject to that law which governs the person of the owner; and the general rule is, that a transfer of personal property, which is valid by the law of the owner's domicil, will operate to convey the property, wherever it may be situate. 5 *N. H. Rep.* 214, *Saunders* vs. *Williams & Trustee.* The assignment of choses in action, due by debtors resident in a foreign country, is within the rule.

Exceptions to the rule exist, from the positive laws of the country where the property is actually situate, and from the

nature of certain property, which, from local regulations respecting its transfer, has what is called an implied locality. *Story's Conflict of Laws* 315–317. And an exception has been made, in some cases, in favor of creditors of a vendor, or assignor, citizens of the government in which the property is situated, or the debt due, and who have attached the property, or debt, before the transfer was completed according to the law of that place. *Story* 319, 328.

Upon the question, whether a transfer of property to the assignees of a bankrupt, agreeably to the laws of the country where the bankrupt has his domicil, is within the general rule, a diversity of opinion has existed. The courts of England hold that such transfer is within the general principle, and this proposition has been strongly supported by very eminent authority in this country. *See the opinion of Mr. Chancellor Kent*, 4 *Johns. Ch. Rep.* 460, *Holmes* vs. *Remsen*. Other jurists, here, have entertained the same opinion (*Story's Confl.* 345, *note* 2); but the settled doctrine, maintained by the courts here, is, that a prior assignment in bankruptcy, under a foreign law, will not transfer the property as against a creditor of the bankrupt, who is a citizen of the government where the property is situated, or the debt due. 2 *Kent's Com.* 330. Such was the decision in *Saunders* vs. *Williams*, 5 *N. H. Rep.* 213.

In the absence of express statute regulation, and where the property has no implied locality, no exception has extended farther, in this state.

The principle that a voluntary assignment, made *bona fide* by a debtor, of all his property, for the benefit of all his creditors, is valid, and will pass debts due to him in foreign countries, is expressly recognized in the case last cited.

If this assignment, made in Massachusetts, had contained no provision for preferences, but had appeared to be a voluntary assignment, for the benefit of all the creditors of Bradford, it would have come within the general principle, and would, in our opinion, have been valid to pass an equitable

Sanderson *v.* Bradford & Trustee.

interest in debts due here, even against creditors who were citizens of this state ; notwithstanding it was made in conformity with an insolvent law of the state of Massachusetts, and with a view to a discharge under that law, and notwithstanding the oath required by the statute of this state, upon general assignments made here, was not taken by the debtor.

Whether we ought, as against our own citizens, who are creditors, to give the same effect to an assignment by a debtor in another state, which gives preferences which our laws do not allow, and which would for that reason be invalid, by express statute, if made here, is a question the settlement of which we may waive, at the present time.  If such case shall be deemed an exception here, it will be because such a decision is necessary to give to our citizens their just and equal rights, in cases of that character, and not from any disposition to restrict the operation of the general principle.

The creditors in this case are citizens of a foreign government, and have no particular claim to the benefit of our laws, if there is any conflict between them and the laws of Massachusetts.  Their demand against Bradford does not appear to have been made payable here, nor is there any thing to show that they contracted with any reference to the laws of this state.  Property situated in this state, or debts due here, cannot be supposed to have been the means to which they looked for payment, in any event, when the debt was contracted ;  and no reason suggests itself why they should stand in any better situation than creditors of Bradford who are citizens of Massachusetts.  With reference to assignments made by their debtors, if any, who reside here, they will have the same rights which our own citizens have.  But if the laws of Massachusetts, where their debtor, in this case, resides, authorize preferences unknown here, that furnishes no ground upon which they are entitled to bring our laws in conflict with those of the domicil of the debtor, merely because he happens to have a debt due from a citizen of this state.          *Trustee discharged.*