## DOW *vs.* ROWELL.

A promissory note is subject to the *lex loci* where it is given.

Where a note is indorsed in a different government from that in which it was given, the indorsement is a new and substantive contract; and, as betwixt the indorser and indorsee, is subject to the laws of such government; but such indorsement cannot change the original liability of the promiser.

By the present statute of Vermont, the liability of parties to negotiable notes is subject to the ordinary rules of the common law.

ASSUMPSIT, on a promissory note, in the words following : "For value received of Galen Hunter, I promise to pay him,

or his order, one hundred and sixty-three dollars, on demand and interest. Hartford, January 17, 1838. C. C. Rowell."

On which note is the following indorsement: "Received, February 6, 1838, $108.15."

The defendant pleaded the general issue, and offered in evidence the following receipt: "Received of C. C. Rowell, $58.85, being full payment of the balance due me on a note given me January 17, 1838, for $163.00, payable on demand and interest, and indorsed, at date, $108.00. Sharon, March 21, 1839. Galen Hunter."

It was agreed that the maker and payee of the note resided in the state of Vermont at the time the note was given, but it was indorsed to the plaintiff in New-Hampshire, for a valuable consideration.

Upon the above facts, verdict was taken for the plaintiff for the balance due on the note, and interest, rejecting the receipt; with the agreement that if the court should be of opinion that the receipt is a legal defence to the note, the verdict is to be set aside, and judgment rendered for the defendant, for his costs; otherwise judgment is to be rendered on the verdict for the plaintiff.

*D. Blaisdell*, for the plaintiff. The indorsee of any promissory note in Vermont, may now bring an action in his own name. *Revised Statutes of Vermont*, 367.

The special statute to the contrary was repealed in 1836, prior to the giving of the note in suit, and the law of that state relative to negotiable notes is now the same as the common law.

*E. Blaisdell*, for the defendant.

UPHAM, J. The note declared on was given in Vermont, by parties residing there, and the *lex loci* prevails in its construction. *5 Cranch* 289, *Harrison* vs. *Sterry & al. ; 6 Pet.* 172, *Cox & al.* vs. *Dick; 1 Mass.* 181, *Gilman* vs. *Brown & a.*

The note was indorsed in New-Hampshire, which is a new and substantive contract; 6 *Cranch* 221, *Slocum* vs. *Pomeroy ;* 2 *Cond.* 351 ; and, as betwixt the indorser and indorsee, would be subject to the laws of this state ; but such indorsement cannot change the original liability of the promiser.

The exception relied upon at the trial was, that by the statute of Vermont, promissory notes, though payable to order, were not negotiable ; or, if negotiable, that payment, notwithstanding the indorsement of the note, might at any time be rightfully made to the promisee, and his discharge would be valid, provided there was no fraud or collusion on the part of the promiser of the note. The statute relied upon, however, in Vermont, had been some years repealed prior to the giving of the note, and the note is subject to the ordinary rules of the common law.

In *Britton* vs. *Bishop*, 11 *Vt. R.* 70, it is held that a promissory note, indorsed before it falls due, is not subject to set-off against the promisee. There is nothing in this case to show that the note was indorsed subsequent to its date. The presumption is, that where a note is indorsed in blank, it is indorsed on the day of its date. 5 *Mass. R.* 334, *Webster* vs. *Lee.*

Under the facts, then, as now found in the case, the note must be regarded as indorsed before it was overdue ; and payment made to the promisee of the note, after the same had been rightfully transferred, cannot avail. There must, therefore, be

*Judgment on the verdict.*