# CARROLL,

## JANUARY TERM, 1842.

---

### BANK OF ORANGE COUNTY *vs.* COLBY.

Where a promissory note is made payable generally, without any designation of the place of payment, the law of the place where it is made must determine the construction to be given to it, and the obligation and duty it imposes.

A note was made and dated at Boston, payable in twelve months. It was indorsed, and held by a bank in Vermont. At the end of the twelve months, a demand was made upon the maker, residing in Maine, and notice given to the indorser in this state. By the law of Massachusetts, the maker was entitled to grace.
—*Held*, that the demand was premature, and that the indorser was not liable.

ASSUMPSIT. The writ contained two counts, one for money had and received, the other upon a note, dated Boston, July 18, 1837, signed by one Amos Davis, for two thousand dollars, payable to the defendant, or order, in twelve months after date, with interest, and by the defendant indorsed to the plaintiffs.

Plea, the general issue. The plaintiffs introduced the deposition of a witness, who testified that, a short time before the demand, he received the note from Calvin J. Keith, of Montpelier, in the state of Vermont; and he further testified that "said note was signed by Amos Davis, of Bangor; and on the back of said note was indorsed A. Colby; and, at the request of said Keith, on said eighteenth day of July, A. D. 1838, I presented to said Amos Davis the said note, in said Bangor, and requested him to pay the same, which he refused to do; and on said eighteenth day of July, A. D. 1838, I made two notices," "one of which I directed to said A. Colby, at Eaton, New-Hampshire, and the other I directed to said A. Colby, at Philadelphia, Pennsylvania, not knowing at which place he resided."

It was admitted, on the trial, that, by the laws of Massachusetts, the note was entitled to three days' grace; and it was agreed that reference should be had by the court to the laws of Vermont, where the bank is situated, upon the question whether the note was entitled to grace in Vermont; and that by the laws of the state of Maine it is provided "that the maker or makers of any promissory note, and the acceptor or acceptors of any inland bill of exchange, draft, or order, for the payment of money only, hereafter to be made or drawn, where the same is payable on a future day, or at sight, and not on demand, be and they are respectively entitled to a grace of three days, unless the third day happen on the Lord's day, or on a public fast, or thanksgiving; and in that case to a grace of two days only, whenever the said promissory note, inland bill of exchange, or order, shall be discounted at any bank, or left therein for collection."

A verdict was taken for the plaintiffs, judgment to be rendered thereon, or the verdict set aside and judgment entered for the defendant, according to the opinion of this court on the foregoing case.

*James Bell, & J. Eastman*, for the defendant. The demand of payment and notice were premature.

The question is to be determined by the law of the place where the note was payable. *Story's Conflict of Laws* 263, 288, 299; 1 *Peters' Rep.* 31, 34, *Bank of Washington* vs. *Triplett; Chitty on Bills* 407, 193; *Kyd on Bills* 8; 2 *Kent's Com.* 459.

If a note designate no place of payment, it is determined by the place where made. *Story's Confl. of Laws* 264, 265; 4 *Peters* 111, *Boyce* vs. *Edwards;* 4 *Barn. & Ald.* 654, *Lewis* vs. *Owen;* 13 *Mass.* 156, *Hull* vs. *Blake;* 1 *Ryan & Moody* 149, *n*, and cases cited.

The notice to the indorser depends on that. 1 *Ryan & M.* 149; 1 *Johns.* 294, *Chapman* vs. *Lipscomb;* 16 *Johns.*

218, *Reid* vs. *Payne.* In 3 *Kent's Com.* 96, it is said, the presumption is that the maker resides at the place where it is dated, and that he contemplates payment at that place; citing 2 *Caine's R.* 127 ; 4 *Sergt. & Rawle* 280.

Judge Story treats this as a question not depending on the residence of the parties. *Story's Conflict* 286, 287, citing 6 *Cranch* 221, *Slacum* vs. *Pomroy ;* 12 *Wheat.* 360, *Ogden* vs. *Saunders ; 5 East* 123, 130, *Potter* vs. *Brown.* And see 2 *Barn. & Adolph.* 385, *De La Chaumette* vs. *Bank of England.*

The law of Massachusetts allows grace. *Rev. Laws* 303. And the law of New-Hampshire also.

The law of Maine is stated in the case. When notes lie in the bank, the rule applies, and this note had been discounted by a bank, or placed there for collection.

*Hobbs, & Cutler,* for the plaintiffs. The presumption is that the place of date was the place of contract. But there is enough in this case to rebut the presumption, and for the court to infer that the maker lived in Bangor. He is called in the deposition " of Bangor," and a notice to Colby was directed to him in this state.

It is agreed that grace is allowed in Vermont.

1. Grace is to be allowed according to the law of the place where the note is payable. *Story's Chitty on Bills* 191 ; *Story's Confl. of Laws* 262, 280, 299.

2. The note was payable at Bangor, in Maine, that being the place where Davis lived, and where the demand of payment was made. There is nothing to show that he was a resident of Massachusetts when the note was made.

The general rule, in regard to contracts payable generally, is, that they are to be governed by the *lex loci contractus,* but that relates to the nature and interpretation of the contract. *Story's Conflict* 238, 233, 235.

The holder is bound to make the demand wherever the maker is. And the place of demand is the place determin-

ing the question of grace.  8 *Pick.* 194, *Braynard* vs. *Marshall.*

A note payable generally, is payable every where.  *Story's Conflict* 272, 263, 264, 286.

3.  Davis was not entitled to grace by the statute of Maine, the note not having been discounted at, or left for collection in, any bank in that state.

By the general law of Maine, notes are not entitled to grace, unless specially so made payable.  The statute could not have been intended to have any effect beyond the limits of the state.  It is a local statute, or, in language of civilians, a real statute.  *Burr.* 1079 ; 1 *Wm. Black.* 234, 236 ; *Story's Confl.* 12, 13, 300, 308, 387, 405, *and auth. cited.*

PARKER, C. J.  The residence of the parties to this note, at the time it was executed, does not appear from the case, nor does it seem to be material.  *Story's Confl. of Laws* 265.  The note was executed within the state of Massachusetts.  No place is designated where it is to be paid, and it is therefore payable generally.  There is nothing in the case, then, to take it out of the general rule, that the *lex loci contractus* must determine the construction to be given to it, and the obligation and duty it imposes.  6 *N. H. Rep.* 150, *Douglass* vs. *Oldham, and cases cited ; Dow* vs. *Rowell, Ante* 49.  " To bring a contract within the general rule of the *lex loci*, it is not necessary that it should be payable exclusively in the place of its origin.  If payable every where, then it is governed by the law of the place where it is made, for the plain reason that it cannot be said to have the law of any other place in contemplation to govern its validity, its obligation, or its interpretation."  *Story's Confl. of Laws* 264, § 317.  And the holder takes it as it was originally made, and as it was in the place where it was made.  *Ditto* 264, 284, 286.

It is admitted by the case, that, according to the laws of Massachusetts, the maker is entitled to three days' grace.

The demand, therefore, was made before the note was payable, and this action cannot be maintained.

A case still stronger than this, in support of the general principle, is found in the Reports of Vermont, where B., residing in New-Hampshire, sold to D., in Cambridge, where D. resided, a quantity of cattle, for which D. there gave his promissory note, payable in fifteen days. B. brought this note to Vermont, where E. signed it. It was held, that as the note was originally made in Massachusetts, and bore date there, E. executed it with reference to the law of that place, and that E. was entitled to three days' grace upon it. 8 *Vermont R.* 325, *Bryant* vs. *Edson.*

*Judgment for the defendant.*