## BLISS *vs.* HOUGHTON.

When a contract has been entered into in another state, between citizens of that state, and by its terms is to be executed in that state, the sufficiency of the transactions for the purpose, which are relied upon as a discharge of the same, and which have transpired in that state, must be determined by the laws of the state in which the contract was made.

A negotiable promissory note was made January 19th, 1833, in the state of Vermont, by H., payable to P., or order, at B., in Vermont, and was afterwards indorsed by P. to B., who were all citizens of Vermont. Prior to the indorsement of said note to B., said H. purchased a note of N., also a citizen of Vermont, against P.; and upon being notified by B. of the indorsement of said note to him against H., said H. informed B. of the assignment of the note of P. by N. to him. Upon action brought in this state, by said B. against said H., it was *held*, that by the laws of Vermont, in force at the time, by which the question must be determined, the note which N. indorsed to H. could not avail H. as an offset to the note in suit; no notice having been given to P. of the indorsement of the note by N. to, the defendant, prior to the indorsement of the note to B., or to the commencement of the action itself.

ASSUMPSIT, for money had and received. The plaintiff gave in evidence a note, dated January 19th, 1833, made by the defendant for $ 100, and payable to Peter Parker, or order, at Bradford, in two years from date, with interest annually, and by Parker indorsed to the plaintiff. The note was made and payable at Bradford, Vermont, and the plaintiff, defend-

ant, and Parker, all resided in Vermont. The writ was dated February 20th, 1839.

The defendant pleaded the general issue, and accompanied the plea with a brief statement, that the defendant, on the 19th of January, 1835, was the holder of a note made by Peter Parker, dated April 21st, 1832, for $60.00, payable to Noah Newell, or bearer, in two years, with use, and by Newell indorsed to the defendant—that on said 19th day of January, 1835, he tendered said note, together with the sum of $36.11, to the plaintiff, in discharge of the note which the plaintiff then held against the defendant. And the defendant contended that, by the laws of Vermont, which should govern this case, such tender was an answer to the plaintiff's action. He also offered evidence tending to show that he had always, since the 19th day of January, 1835, kept the said sum of $36.11 on hand, and he then produced the note and money in court. And he also offered other evidence tending to show the truth of the facts contained in his brief statement.

The plaintiff offered evidence tending to show that the defendant was not the *bona fide* holder of the note offered by him, but that the property in the note was still in Newell.

There was evidence tending to show that before the plaintiff purchased the $100.00 note of Parker, he asked the defendant if he had any offset to it, and if he had any objection to the purchase of it by the plaintiff; to which the defendant answered that he had no offset, and that he was as willing to pay the note to the plaintiff as to any other person; and that the plaintiff, after the conversation, purchased the note. There was also other evidence tending to show that the defendant was the holder of the $60.00 note at the time the plaintiff made the above enquiries of him; and on being asked by the plaintiff if he had any thing against the note, said that he had, and produced the $60.00 note.

The plaintiff contended, that if the defendant knew that the plaintiff intended to purchase the $100.00 note, and

the plaintiff had reason to suppose, from the conversation with the defendant, that he had no offset against it, and was willing to pay it to the plaintiff, and thereupon purchased the note, the defendant could not afterwards purchase the $60.00 note and offset it against the plaintiff's claim.

The court instructed the jury, that, by the laws of Vermont, if the defendant were the *bona fide* holder of the $60.00 note, and tendered it to the plaintiff, with a sum of money equal to the balance between the two notes, such tender, with the production of the note and the money here in court, was an answer to the plaintiff's action—That the defendant might offer the $60.00 note as an answer in part to the plaintiff's suit, provided he held it and notified the plaintiff thereof before the commencement of the action, even if he did not hold it at the time of the enquiries made by the plaintiff; and although the plaintiff purchased the $100.00 note, relying on the statement of the defendant that he had no offset to the note, and was as willing to pay it to the plaintiff as to any other person, that this did not estop the defendant from afterwards purchasing the $60.00 note, and availing himself of it in this suit.

The defendant offered the deposition of William D. Chase, taken in the territory of Wisconsin. The notice to the plaintiff was signed by a magistrate in that territory. To this the defendant objected; but the deposition was admitted, subject to the exception.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside, and for a new trial, on account of the admission of the evidence and the instructions aforesaid.

*Perley*, (with whom was *Britton*,) for the plaintiff. We object, that the notice of the caption of Chase's deposition was not signed by a justice of the peace within this state. The statute requires it to be so signed. The notice is to be the same, whether the parties are in or out of this state. 11 *Mass. R.* 229.

Bliss *v.* Houghton.

The note was negotiable and was actually negotiated before due, upon which this action is founded. Parker's note could not be received by way of defence in the courts of Vermont, nor as a set-off. The right of set-off is governed and limited by two provisions of the statute of Vermont. By one it is provided, that no set-off shall be allowed of a note taken by indorsement, unless notice is given of the indorsement before suit ; and by the other provision, a right of set-off is allowed only where the right of set-off is perfect before the notice of the indorsement to the plaintiff. In this case there was no right of set-off against Parker on account of the first provision. 3 *Vt. R.* 540. In that case it was attempted to set off a note obtained by indorsement, before the note sued was indorsed to the plaintiff. The defendant in this case had not perfected his right of set-off against Parker, before he was notified of the indorsement to the plaintiff, and for that reason he cannot set up the note in set-off against the plaintiff's action.

If Parker had brought the action, the note would constitute no defence, either legal or equitable, except under a statute of set-off. *Chandler* vs. *Drew,* 6 *N. H. Rep.* 471. Set-off is entirely a statutory right.

By the statutes of Vermont, the matter of defence may be pleaded, or given in evidence ; this is not at election, however, but must be in a proper manner, according to law. 1 *Verm. R.* 477 ; 3 *Ditto* 540 ; 11 *Ditto* 204.

*Bell,* for the defendant. Our statute, providing for the taking of depositions, is confined to depositions taken in this state. The original statute on the subject provided that the notice should be signed by some magistrate. Statutes only apply to the state where made. If the law gives the power to take a deposition, it gives also the power necessary to be exercised in the taking of it.

We do not attempt to set up this defence under the statutes of this state. The law of Vt. authorizes the form of defence

here set up. We have never set it up as a technical set-off.

*Perley*, in reply. The remedy sought in this action by the defendant, if it be a remedy admissible in Vermont, is not admissible here by our laws. *Gibbs* vs. *Howard*, 2 *N. H. Rep.* 296 ; *Story's Confl. of Laws* 473, 481 ; *Wolf* vs. *Oxholm*, 6 *M. & S.* 92.

The tender set up in this case is no tender. It should have been pleaded and produced on trial. It is now too late.

WOODS, J. The note which forms the basis of this action being a contract entered into in the state of Vermont, and between citizens of that state, and being, by its terms, to be executed there ; and the transactions relied upon in discharge thereof, and in defence of this action, as well as in support of it, having transpired within that state, the rights of the parties to this controversy in those particulars must be governed and determined by the laws in force in Vermont at the time when those transactions occurred. *Harrison* vs. *Edwards*, 12 *Verm. R.* 648 ; *Peck* vs. *Mayo*, 14 *Ditto* 33.

The defence set up is not technically an off-set, but is in the nature of an off-set, or is rather a notice of an off-set by way of defence ; and it is contended, by the counsel for the defendant, that the transactions set out in the brief statement, in connection with all the facts found by the case, constitute an answer in the form chosen to the plaintiff's action, and entitle the defendant to hold his verdict.

Waiving all enquiries as to the manner of the defence, which, by a well settled rule of law, must be in conformity with the laws of the place where the remedy is sought, and assuming, for the purposes of this decision, that no legal objection exists to the form adopted, the particular question to which we shall turn our attention is, whether the instructions of the court to the jury, relative to the $60 note, were correct ; for, that being settled, upon the view entertained by us in regard to it, is decisive of the case before us, and renders the decision of any farther questions arising upon the case wholly imma-

terial. The instructions were, that the defendant might offer the $60 note as an answer in part to the plaintiff's suit, provided he held it, and notified the plaintiff thereof, before the commencement of the action, even if he did not hold it at the time of the enquiries made by the plaintiff; and although the plaintiff purchased the $100 note relying upon the statement of the defendant that he had no off-set to the note, and was as willing to pay it to the plaintiff as to any other person ; and that this did not estop the defendant from afterwards purchasing the $60 note, and availing himself of it in this suit.

The charge, then, involves the question, among others, whether the defendant can, by the laws of Vermont, set off an indorsed note, signed by the payee of the note in suit, against the indorsee of the note sued, of the purchase and indorsement of which note, attempted to be set off, the payee of the note sued had no notice prior to, or at the time of the indorsement of the note to the plaintiff, which is now in suit, or at the time of the action brought by the indorsee.

The statute of Vermont, passed in October, 1798, enabling indorsees to maintain actions in their own names, in the first section gives to the indorsees of promissory notes, payable to order, or bearer, the right to maintain an action thereon in their own names. The second section enables the defendant in all such actions to avail himself of any equitable defence which he might have if the action was brought by the original payee ; and also to plead an off-set of any demands proper to be pleaded in off-set, which the defendant may have against the original payee or payees, before notice of such indorsement. And it is provided, also, that the defendant shall not off-set an indorsed note, unless he notify the plaintiff of such indorsement before the plaintiff commences his suit.

The supreme court of Vermont, in *Parker* vs. *Kendall*, 3 *Verm. R.* 540, have given a construction to these several provisions of the statutes of Vermont. In that case, the

note sued was indorsed to the plaintiff on May 1, 1829, and the notes against Morgan, the payee of the note sued, were previously and regularly indorsed to the defendant in March or April, 1829; and when the plaintiff notified the defendant of the transfer of the note sued, to him, the defendant informed the plaintiff of the assignment of the notes to him, which were proposed to be set off to the note sued.

Williams, J., in delivering the opinion of the court says, " From these statutes it appears that no action can be defeated by a plea in offset founded on a note indorsed, unless the plaintiff was notified of such indorsement previous to the commencement of the action; and that the indorsee of a promissory note cannot be affected by any claim which the maker holds against the payee, except those which were proper to be pleaded in offset before he gave notice to the maker that such note was indorsed to him. The court are of opinion, that the demands proper to be pleaded in offset must be such as the defendant could have so pleaded if the action had been brought by the original payee of the note. In applying these principles to the case before us, it will be seen that Morgan, at the time he sold and delivered the note to the plaintiff, which is sued, had not been notified of any claim against himself in favor of the defendant; and if he had commenced a suit thereon, he could not have been defeated by the plea of the defendant, as he had not been notified that the defendant held the notes which he gave to Flint & Co.; that the plaintiff purchased the notes of Morgan and gave notice thereof to the defendant, before the defendant had perfected any claim against Morgan, which he could have pleaded in offset against him; and the defendant cannot be in a better situation, in a suit brought by the holder of a note, than he would have been if the suit had been commenced by the payee. " The defendant insists that the notice he gave to the plaintiff of his holding the notes given by Morgan to Flint & Co. was all that was requisite according to the statute. We think differently. The claim must have

been perfected, and complete against Morgan. The plaintiff was not the agent of Morgan, and therefore was not the person to whom notice was to be given."

The intention of the legislature was undoubtedly to protect the makers of notes against losses by reason of the sale and transfer of notes, other than would be suffered if suits were brought by the payees themselves to enforce the payment thereof. And it went no farther. No reason can be imagined why the legislature should place the makers of notes in a better situation, as against the indorsees, than that in which they stand in relation to the payees themselves ; and most clearly, in the present case, if the defendant were holden to have the right to avail himself of the offset against the plaintiff, his condition would be improved by the indorsement of the note to the plaintiff; for it is manifest, upon the decided case, and the fair and very obvious construction of the provisions of the Vermont statutes, aside from decisions, that the offset could not avail as against the payee, if he had brought this suit himself. For it does not appear that Parker was ever notified of the indorsement of the $60 note to the defendant, and so no right of set-off was established as against him upon that ground. And the fact of the notice to the plaintiff, inasmuch as he was not the payee of the note in suit, was immaterial. It was so holden in the case referred to of Parker *vs.* Kendall. The note attempted to be set off, being against the payee of the note and not against the plaintiff, the right of offset was required to be established, as against him, in order that the same should avail as against the plaintiff. The plaintiff was neither the payee nor the agent of the payee, and of course a notice to him could not be regarded as a notice to the payee, which alone could, as we have seen, give the right of offset claimed in this case. And the fact that the defendant held the note offered in defence previously to the indorsement of the note to the plaintiff, is of no avail to

the defendant, under the circumstances of this case, and furnishes no ground of defence.

The jury were instructed, however, that if the defendant held the $60 note prior to the purchase of the note in suit by the plaintiff, and notified the plaintiff of that fact before the commencement of this suit, he was entitled to offer the same in answer to the plaintiff's action. Inasmuch, then, as it appears that both those facts were wholly immaterial, as affecting the rights of the parties in this suit, and the instructions involve the opinion that the offset of the $60 note by way of defence might avail the defendant upon the finding of these two facts, notwithstanding no notice had been given to Parker, the payee, before the indorsement of the note sued, or even at any time before the commencement of this action, of the fact of the indorsement of the note offered in set-off, the same must be regarded as erroneous, and the verdict must be set aside and a

*New trial granted.*