## HALL *vs.* BOARDMAN & Trustee.

An assignment under the Massachusetts statute of 1838, chap. 163, entitled " an act for the relief of insolvent debtors, and the more equal distribution of their effects," is a valid transfer of moneys collected by, and in the hands of the attorney of the insolvent, within this state.

A discharge under said statute, which would have been a good defence in Massachusetts against a note, the maker and payee of which were both resident citizens of that state, (where it was made, and held until when overdue it was transferred and put in suit in this state,) is also a good defence to such suit here.

ASSUMPSIT upon a negotiable promissory note of the defendant, dated August 11, 1840, payable in four months from date, and duly indorsed by the payee.

The case was submitted for the opinion of the court on an agreed statement of facts.    On the fifteenth day of January, 1841, the defendant instituted proceedings in his own favor, under the insolvent laws of Massachusetts, of which state both he and the payee of said note were then, and up to the time of his discharge, continued to be citizens.    Pursuant to the application of the defendant, a warrant issued, and regular proceedings were had ; the assignees were appointed February 10, 1841, and on the ninth day of March, 1841, the defendant, in conformity with the provisions of said insolvent laws, received his discharge.

The said note was made within Massachusetts on or about the day of its date, and on said fifteenth day of January there was a suit pending in a court of that state, in favor of one Peirce, a resident citizen of Boston, which suit was brought to recover the contents of said note, but which was discontinued. The note having subsequently come to the hands of the present plaintiff, this action was commenced March 3, 1841, and service was made on the alleged trustee on the fourth of the same month.

Prior to the commencement of said proceedings in insolvency, to wit, on or about February 15, 1841, the person now summoned as trustee of the defendant had collected certain moneys for him, which he has ever since been, and now is, ready to pay to the person legally entitled thereto. On the first day of May, 1841, said alleged trustee received a notice from the attorneys of the said assignees in insolvency, informing him of said assignment, and claiming payment of the balance in his hands.

It was agreed that the insolvent law of Massachusetts might be referred to by either party, as part of this case.

*O. Hall*, for the plaintiff.

*S. Emerson*, for the defendant and trustee. The note sued on was made in Massachusetts, where both payee and maker resided, and by the laws of that state the defendant has been discharged from the payment of the same. *Mass. Stat.* 1838, *ch.* 163, § 7.

The law of the place where a contract is made, governs the interpretation of it. *Story's Conflict of Laws*, § 263; *Chitty on Bills* 111, *a, note b;* and the discharge of a debt in the place where it was contracted, discharges it everywhere. *Story's Confl.*, § 338; 2 *Kent's Com.* 393; 12 *Wheat.* 213. As to the foundation of this rule, see 1 *Cowen* 102, 108; 5 *Mass.* 509. A party claiming under a contract, takes it with all the limitations to which it was sub-

ject in the place where it was made. 12 *Wheat.* 360 ; 5 *East* 124, 130, *Slocum* vs. *Pomeroy*; 6 *Conn.* 221; 9 *B. & C.* 208; 16 *Johns.* 233 ; *Story's Confl.*, § 346.

An indorsement cannot vary the original contract, from which, indeed, all the indorsee's rights spring.

The act of Congress of 1789, ch. 20, § 11, (1 *Story's Ed.* 57,) may be taken as settling the rule that indorsement cannot vary the rights of the maker. The *lex loci contractus* is to settle that matter. 6 *N. H. Rep.* 150 ; 5 *N. H. Rep.* 402.

In this case, too, the note when indorsed to the plaintiff was overdue.

PARKER, C. J. The statute of Massachusetts, passed in 1838, chap. 163, entitled "an act for the relief of insolvent debtors, and the more equal distribution of their effects," which it has been agreed should be referred to, makes ample provision for the transfer of the effects of the insolvent. The fifth section declares that the assignment shall vest in the assignees "all the property of the debtor, both real and personal, which he could by any way or means have lawfully sold, assigned or conveyed; * * * and the said assignment shall also vest in the said assignees all debts due to the debtor, * * and all his rights of action for any goods or estate, real or personal." It being conceded that all the proceedings were regular, the assignment was thus valid to pass the property in the hands of the person now summoned as trustee, and the moneys collected by him are now payable to the assignees, unless some other right has intervened since the assignment, and which is superior to it. 5 *N. H. Rep.* 213, 214, *Saunders* vs. *Williams & Trustee.* This right the plaintiff claims to have established by the lien of attachment, in the present action. When, however, we look to the ground of his action, we find that it rests on a negotiable note, which the case shows was made in Massachusetts, by a citizen of that state, payable to another citizen of

the same state, and at the time of the petition under the insolvent laws actually in suit in a court of that state, in favor of a third party, also a citizen. It was then a debt provable under said act, founded on a contract made after the act went into operation, made within the Commonwealth, and due to a person resident there at the time to which the discharge has reference, and so, as set forth in § 7, of the act already cited, liable to be discharged by the course of proceedings. The note was over-due at the time of the transfer, and the present holder takes it subject to every defence to which it was open at the time of the transfer. 5 *Mass. R.* 509, *Baker* vs. *Wheaton;* 10 *Mass. R.* 337, 338, *Watson* vs. *Bourne.* What would be a discharge, the laws of Massachusetts, the place of the contract are to settle. 5 *N. H. Rep.* 401, *Dyer* vs. *Hunt;* 6 *N. H. Rep.* 150, *Douglas* vs. *Oldham;* and inasmuch as the discharge since obtained would have been a good defence to an action on the note there, it must have the same effect here. 12 *Pick. R.* 572, 581, *Betts* vs. *Bagley.* According to the agreement, therefore, let the plaintiff be

*Nonsuit.*