STEVENS *v.* NORRIS & *a.*

A discharge, under the insolvent law of Massachusetts, is an effectual bar to a
suit upon a note, made and payable in that State, between parties resident
there at the time of making it, notwithstanding the payee and holder of the
note removed from Massachusetts to this State before any proceedings were
commenced under the insolvent law.

THIS is an action of assumpsit, founded upon three prom-
issory notes, made by the defendants, dated August 27,
1847, payable to the plaintiff or order, one in three years,
one in four, and one in five years, from September 1, 1847.
The notes were made and dated at Lowell, Massachusetts,
the plaintiff and said Norris then being citizens of that Com-
monwealth.   About the first of December, 1847, the plain-
tiff removed to New Hampshire, and has ever since resided
there.   On the 12th of December, 1853, said Norris, then
being a citizen of Massachusetts, duly applied for a dis-
charge from his debts and liabilities, under the insolvent

laws of said Commonwealth, and such proceedings were there had that he was duly discharged under said laws, and received a certificate in due form of law, that he was discharged from all his debts, &c., which are provable under said laws, and which are founded on any contract, made by him within said State, or to be performed within the same, and made since the passing of said laws, and from all debts which are provable as aforesaid, and which are founded on any contract made by him since the passing of said laws, and due to any persons who were residents within that State, on the 15th of December, 1853, being the day of the first publication of notice of his said application.

After obtaining his discharge said Norris removed to this State, and at the date of the plaintiff's writ, was and ever since has been a citizen of this State.

The parties were permitted to refer to the insolvent laws of Massachusetts in discussing this case.

The foregoing facts were duly set forth in the plea of said Norris, to which the plaintiff demurred, and the court overruled the demurrer, to which the plaintiff excepted, and the case was referred to the superior court for decision.

*A. W. Sawyer,* for Norris.

The contract on which this action is brought, was provable under the insolvent act of Massachusetts, was made after the act went into operation, was made within that Commonwealth, and was by its terms to be performed within that State, and both parties were citizens of that Commonwealth, when the contract was made.

Wherever the contract between the particular parties is made, the law of the place will operate for its discharge. Story's Conflict of Laws 284, § 343 ; 264, § 317. The discharge applies to all debts founded upon contracts within the State. 2 Kent's Com. 395. The *lex loci* operates not only in respect to the nature, obligation and construction of

contracts, and the formalities and authentications requisite to the valid execution of them, but also to their discharge. It is a general principle that whatever constitutes a good defence by the law of the place where the contract is made, or is to be performed, is equally good in every other place where the question may be litigated.  2 Kent's Com. 459.

A discharge under the bankrupt law of any State is a good bar to an action brought in any other State of which the creditor is a citizen, the contract sued having been made within the State which enacted the law, and the debtor being then a citizen and subject at the time of making it. *Blanchard* v. *Russell*, 13 Mass. Rep. 1; *Walsh* v. *Farrand*, 13 Mass. 19.

A certificate of discharge, obtained under the law of one State, and which is a bar to an action on a contract in that State, will be a bar to an action on such contract in every other State.  *Stone* v. *Tibbetts*, 26 Maine Rep. (13 Shepl.) 110.

When a contract is entered into in Massachusetts, and to be performed there, between parties who are then citizens thereof, and the creditor subsequently removes to and becomes a citizen of another State, in pursuance of an intention to do so, formed before the making of the contract, such removal and residence will not prevent the debtor's certificate of discharge under the insolvent law from being a bar to an action on the contract in the courts of Massachusetts.  *Brigham* v. *Henderson*, 1 Cush. 430.

In the case of *Converse* v. *Bradley*, 1 Cush. 435, it appears that the defendant made a note, dated at Lowell, January 30, 1847, in favor of the plaintiff, both parties then being citizens of Massachusetts; that on the first of February following, the plaintiff removed out of said State; that on the 6th of said February the defendant applied for the benefit of the insolvent law, and subsequently obtained his discharge.  On these facts judgment was given for the defendant.  A discharge under the insolvent law of a State

is held, in Mississippi, a bar to an action to which it would be a bar if brought in the State where the discharge was granted. *Williams* v. *Gaignard*, 2 How's (Miss.) Rep. 722; 5 U. S. Dig. 186, § 281.

The discharge of a bankrupt or insolvent operates according to the *lex loci* on the contract where it was made, or is to be executed. *Hicks* v. *Brown*, 2 Johns. 142; *Smith* v. *Smith*, 2 Johns. 242.

Where a debt arose in New York, and a negotiable note was afterwards given in Vermont, held a discharge under the insolvent law of New York was a bar to the action on the note, the original debt not being extinguished by giving the note. *Raymond* v. *Merchant*, 3 Cow. 147.

What would be a discharge, the laws of Massachusetts, the place of contract, are to settle. *Dyer* v. *Hunt*, 5 N. H. Rep. 401; *Douglas* v. *Oldham*, 6 N. H. Rep. 150; *Bliss* v. *Houghton*, 13 N. H. Rep. 130.

The law of the place, at the time a contract is made, enters into and forms a part of such contract as fully as if it was incorporated therein. *Hayward* v. *LeBarron*, 4 Florida Rep. 404; U. S. Dig. 1852, 407, § 4.

The laws of a State where a contract was made, if it is not made with a view to a performance elsewhere, must govern the fate of it. *Warden* v. *Arall*, 2 Wash. 282. Thus if a person is discharged from a debt by a tender and refusal made in one State, by force of the laws of that State, he may defend himself in an action upon the debt in another State, by relying upon such tender and refusal, and the laws under which he was discharged. 2 U. S. Dig. 765, § 64.

This court will regard the judicial decisions of other States. The discharge here pleaded being one under the insolvent laws of Massachusetts, if valid there, it would, under the circumstance of the case, be available as a good defence to the action in this State. *Betts* v. *Bagley*, 12 Pick. 579; *Hall* v. *Boardman*, 14 N. H. Rep. 41; *Stone* v. *Tibbetts*, 13 Shepl. 26; *Butter* v. *Wheaton*, 5 Mass. Rep. 509;

*Bliss* v. *Houghton,* 13 N. H. Rep. 130 ; *Blanchard* v. *Russell,* 13 Mass. Rep. 1 ; *Hull* v. *Blake,* 13 Mass Rep. 153 ; *Dyer* v. *Hunt,* 5 N. H. Rep. 401 ; *Douglas* v. *Oldham,* 6 N. H. Rep. 150 ; *Dow* v. *Rowell,* 12 N. H. Rep. 49 ; *Bank* v. *Colby,* 12 N. H. Rep. 523.

*G. M. Flanders,* for the plaintiff.

BELL, J.   The general rule has been always recognized in this State, that the law of the place where a contract is made, is to govern as to its nature, validity, construction and effect.   But if from the terms or nature of the contract, it appears that it was to be executed in another country, then the place of making the contract becomes immaterial, and the validity of the contract must be tested by the laws of the place where it is to be executed. *Dyer* v. *Hunt,* 5 N. H. Rep. 401 ; *Douglas* v. *Oldham,* 6 N. H. Rep. 150 ; *Houghton* v. *Page,* 2 N. H. Rep. 42 ; *Dow* v. *Rowell,* 12 N. H. Rep. 49.

To bring it within the general rule, it is not necessary that it be payable where it is made ; if payable every where, it is governed by the law of the place where it is made, because it cannot be said to have the law of any other place to govern its validity, its obligation, or its interpretation. *Bank* v. *Colby,* 12 N. H. Rep. 520.

This general rule has no application in cases where the contract in question is in evasion or fraud of the laws of this State, or of the rights or duties of its subjects, or which are against its public rights or against its religion or good morals, or opposed to its national institutions or policy. *Smith* v. *Godfrey,* 8 Foster's Rep. 379.   Neither does it apply to the remedy to be pursued, which is always governed exclusively by the laws of the government in which the remedy is sought. *Douglas* v. *Oldham,* 6 N. H. Rep. 150. And the statutes of limitations are understood to apply to the remedy only. *Willard* v. *Harvey,* 4 Foster's Rep. 344.

Stevens *v.* Norris.

The same law which governs the nature, validity, construction and effect of a contract, determines also what shall be a valid discharge of the contract, and a sufficient defence to an action upon it, (*Bliss* v. *Houghton*, 13 N. H. Rep. 126,) except where such defence results from laws merely affecting the remedy.

And in *Hall* v. *Boardman*, 14 N. H. Rep. 38, it was decided that a discharge under the Massachusetts insolvent law, which would be good defence, in Massachusetts, to a note made and payable in that State, between parties at the time resident there, would be a good defence here, though the note, after it had become due, was transferred to a party resident here, by whom it was put in suit.

This case is decisive of the principal question arising here, and must govern here, unless there is something to distinguish the present case, and render a different rule proper. The only difference which we observe is, that the plaintiff, the payee of these notes, removed from Massachusetts to this State, before the proceedings under the insolvent law were commenced. But we regard this circumstance as entirely immaterial. Under the laws of Massachusetts, these notes were made subject to the condition that the maker might be discharged without payment, by proper proceedings under their insolvent law. The liability to be so discharged was an essential condition of their nature, which attached to them always and every where, and in the hands of every holder, whether resident in Massachusetts or elsewhere.

These notes, then, being made and payable in Massachusetts, and both parties being there residents at the time they were made, were fully discharged by the facts alleged in the defendant's plea, and there must be

*Judgment for the defendant.*