THE BANK OF THE UNITED STATES, PLAINTIFF IN ERROR V. ANDREW DONNALLY, DEFENDANT IN ERROR.

The case was argued by Mr Hardin and Mr Sergeant, for the plaintiff in error; and by Mr Ewing and Mr Binney, for the defendant.

By Mr Hardin, for the plaintiff in error,

368

Mr Sergeant, in reply,

Mr Justice STORY delivered the opinion of the Court.

This is a writ of error to the district court for the western district of Virginia.

The original suit was an action of debt brought by the Bank

of the United States upon a promissory note dated the 26th of June 1822, whereby, sixty days after date, Campbell, Vaught & Co. as principals, and David Campbell, and Steele, Donnally (the defendant) and Steeles, as sureties, promised to pay, jointly and severally, to the order of the president, directors and company of the Bank of the United States, twelve thousand eight hundred and seventy-seven dollars, negotiable and payable at the office of discount and deposit of the said bank at Louisville, Kentucky, value received, with interest thereon, at the rate of six per centum per annum thereafter, if not paid at maturity. The declaration contained five counts, upon the three first of which it is unnecessary to say any thing, as the judgment thereon is not now in controversy. The fourth count stated, that the principal and sureties " made their other note in writing," &c., and thereby promised, &c. (following the language of the note), and then proceeded to aver " that the said note in writing, so as aforesaid made, at, &c., was, and is a writing *without seal*, stipulating for the payment of money; and that the same by the law of Kentucky entitled an act, &c., (reciting the title and annexing the enacting clause) is placed upon the same footing with sealed writings, containing the same stipulations, receiving the same consideration in all courts of justice, and to all intents and purposes having the same force and effect as a writing under seal;" and then concluded with the usual assignment of the breach, by non-payment of the note. The fifth count differed from the fourth, principally, in alleging that "the principals and sureties by their certain writing obligatory, duly executed by them *without a seal*, bearing date, &c., and here shown to the court, did promise, &c.;" and contained a like averment with the fourth, of the force and effect of such an instrument by the laws of Kentucky. The defendant having a right, according to the laws of Virginia, to plead as many several matters, whether of law or fact, as he should deem necessary for his defence, pleaded nil debet to the three first counts of the declaration (on which issue was joined) and the statute of limitations of Virginia to the same counts; to which there was a special replication, and a demurrer to that replication and joinder in demurrer. To the fourth and fifth counts the defendant demurred generally, and there was a joinder in demurrer. He

also pleaded to the same counts nil debet and the statute of limitations of Virginia. The plaintiffs demurred to the plea of the statute of limitations, to these latter counts, and also to the plea of nil debet to the fourth count, and joined issue on the plea of nil debet to the fifth count. The court held the plea of the statute of limitations a good bar to all the counts, and accordingly gave judgment upon all the demurrers in favour of the defendant; with the general conclusion, that the plaintiffs take nothing by their bill. The present writ of error is brought to revise this judgment.

As the contract, upon which the original suit was brought, was made in Kentucky, and is sought to be enforced in the state of Virginia, the decision of the case in favour of the defendant, upon the plea of the statute of limitations, will operate as a bar to a subsequent suit in the same state; but not necessarily as an extinguishment of the contract elsewhere, and especially in Kentucky. But a general judgment in favour of the defendant, upon his demurrer to the declaration, (it is supposed) may, as a judgment upon the merits of the claim, have a very different operation, as a res judicata or final judgment. Hence there arises a very important consideration, as to the correctness of the judgment upon that demurrer. It has accordingly been argued at large, by the counsel for the bank, as vital to the rights, as well as to the remedies of the bank in other states. We are of opinion, that the fourth and fifth counts are, upon general demurrer, good; and that the judgment of the court below, as to them, was erroneous. They set out a good and sufficient cause of action, in due form of law; and the averments, that the contract was made in Kentucky, and that, by the laws of that state, it has the force and effect of a sealed instrument, do not vitiate the general structure of those counts, founding a right of action on the note set forth thereon. At most, they are but surplusage; and if they do not add to, they do not impair the legal liability of the defendant, as asserted in the other parts of those counts.

The other point, growing out of the statute of limitations, pleaded to the fourth and fifth counts (for as to the three first counts it is conceded to be a good bar) involves questions of a very different character, as to the operation and effect of a conflict of laws in cases governed by the lex loci. The statute

of limitations of Virginia provides, that "all actions of debt, grounded upon any lending or contract without specialty," shall be commenced and sued within five years next after the cause of such action or suit, and not after. This being the language of the act, and confessedly governing the remedy in the courts of Virginia, the bar of five years must apply to all cases of contract, which are without specialty, or, in other words, are not founded on some instrument acknowledged as a specialty by the law of that state. The common law being adopted in Virginia, and the word "specialty" being a term of art of that law, we are led to the consideration, whether the present note is deemed, in the common law, to be a specialty. And certainly it is not so deemed. It is not a sealed contract, nor does it fall under any other description of instruments or contracts or acts known in the common law as specialties. The argument does not deny this conclusion; but it endeavours to escape from its force, by affirming, that the note is a specialty according to the laws of Kentucky; and if so, that this constitutes a part of its nature and obligation; and it ought, every where else, upon principles of international jurisprudence, to be deemed of the like validity and effect.

The act of Kentucky of the 4th of February 1812 provides, "that all writings hereafter executed without a seal or seals, stipulating for the payment of money or property, or for the performance of any act, duty or duties, shall be placed upon the same footing with sealed writings, containing the like stipulations, receiving the same consideration in all courts of justice, and to all intents and purposes, having the same force and effect, and upon which the same species of action may be founded, as if sealed." Now, it is observable, that this statute does not in terms declare, that such writings shall be deemed specialties; nor does it say, that they shall be deemed sealed instruments. All that it affirms is, that they shall be put upon the same footing as sealed instruments, and have the same consideration, force, effect and remedy as sealed instruments. So that it is perfectly consistent with the whole scope and object of the act, to give them the same dignity and obligation as specialties, without intending to make them such. A state legislature may certainly provide, that the same remedy shall be had in a promissory note, as on a bond or sealed in-

strument; but it will not thereby make the note a bond or sealed instrument. It may declare that its obligation and force shall be the same as if it were sealed; but that will still leave it an unsealed contract. (a)

But whatever may be the legislation of a state, as to the obligation or remedy on contracts, its acts can have no binding authority beyond its own territorial jurisdiction. Whatever authority they have in other states, depends upon principles of international comity, and a sense of justice. The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the lex fori. No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that state; therefore, a like action will lie in another state, where covenant can be brought only on a contract under seal. It is an appropriate part of the remedy, which every state prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity and interpretation of the contract may be admitted to be the same in both states; but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ. The remedy, in Virginia, must be sought within the time, and in the mode, and according to the descriptive characters of the instrument, known to the laws of Virginia, and not by the description and characters of it, prescribed in another state. An instrument may be negotiable in one state, which yet may be incapable of negotiability by the laws of another state; and the remedy must be in the courts of the latter on such instrument, according to its own laws.

If, then, it were admitted, that the promissory note now in controversy, were a specialty by the laws of Kentucky, still it would not help the case, unless it were also a specialty, and recognised as such, by the laws of Virginia; for the laws of the

(a) See 4 Griffith's Law Register 1136, note; cases in Kentucky on this point, 1 Marsh. Rep. 507.

latter must govern as to the limitation of suits in its own courts, and as to the interpretation of the meaning of the words used in its own statutes.

It may be added, that neither the fourth count, nor the fifth count of this declaration, aver the note to be a specialty ; nor does either assert it to be a sealed writing ; but the contrary : so that the court are called upon to make an intendment as to the operation of a foreign law, which, if essential to the case, should have been directly stated, and not left to mere inference.

The case, however, is not without authority, even if it were not clear upon principle. In Warren v. Lynch, 5 Johns. R. 239, where a promissory note was made in Virginia, payable in New York, and the maker signed it with a scrawl, which, in Virginia, is deemed to be a seal ; on a suit in New York, it was held to be an unsealed instrument (the laws of New York recognising no instrument as sealed, unless such as are with a wax or wafer seal), and, therefore, that the proper form of action was assumpsit, and not debt. In Andrews v. Herriot, 4 Cowen 508, it was held, that an action of covenant will not lie in New York, on a contract to be performed in Pennsylvania, where there was a scrawl instead of a seal in the locus sigilli ; although, by the law of Pennsylvania, a scrawl is deemed a seal. In Trasher v. Everhart, 3 Gill and Johns. R. 234, it was held, that in case of a single bill made in Virginia (where it is not deemed a specialty), sued in Maryland, an action of assumpsit is not maintainable as upon a simple contract, but must be debt ; because, in Maryland, such single bill is deemed a specialty. The doctrine of these cases seems directly in point ; and a very close analogy may be found in the case of Jones v. Hook's Administrator, 2 Randolph 303, where the court of appeals of Virginia held, in an action of debt, upon a judgment of North Carolina, brought in Virginia, that the statute of limitations of North Carolina was no bar, but that of Virginia, if applicable, governed the remedy.

Upon the whole, our opinion is, that the judgment upon the demurrer by the defendant, to the fourth and fifth counts, ought to be reversed ; and that in all other respects, it ought to be affirmed. But, as the plea of the statute of limitations is a good bar to all the counts, the judgment of the court below,

that the plaintiffs take nothing by their writ, is right, and ought to be affirmed with costs.

This cause came on to be heard on the transcript of the record from the district court of the United States for the western district of Virginia, and was argued by counsel ; on consideration whereof, it is considered by the court here, that the judgment of the district court of the western district of Virginia is erroneous in this, that upon the demurrer of the said Donnally, to the said fourth and fifth counts in the said declaration, the judgment ought not to have been as is set forth in the record, but ought to have been, that the fourth and fifth counts aforesaid are good and sufficient in law, to have and maintain the action aforesaid, of the plaintiffs aforesaid, for the matters contained therein ; and it is further considered by the court here, that the special pleas pleaded by the said Donnally, of the statute of limitations, to the first, second and third counts of the said declaration, are good and sufficient in law, to preclude the said plaintiffs from having and maintaining their action aforesaid thereon, notwithstanding the matters set up by the said plaintiffs, in their replication to the said special pleas ; and it is further considered by the court here, that the special pleas pleaded by the said Donnally, to the said fourth and fifth counts of the declaration aforesaid, of the statute of limitations, and also of nil debet to the said fifth count, are good and sufficient in law, to preclude the said plaintiffs from having and maintaining their action aforesaid, against the said Donnally. And, therefore, inasmuch as it appears to the court here, that, upon the whole record, the pleas aforesaid, so as aforesaid pleaded by the said Donnally, and adjudged in his favour are, in law, a good and sufficient bar to the action aforesaid, upon all the counts contained in the declaration aforesaid, notwithstanding the fourth and fifth counts thereof are otherwise good and sufficient in law : it is therefore considered by the court here, that the judgment aforesaid of the district court of the western district of Virginia, that the said plaintiffs take nothing by their bill aforesaid, be, and the same is hereby, for this cause, affirmed with costs.