## Charles McClees *vs.* Tamerlane Burt.

An action of assumpsit may be maintained in this State, upon an instrument made in another State, and which, by the law of that State, is a specialty, if by the law of this State it is a simple contract.

In a suit by A. on a note given to him in satisfaction of a judgment recovered against the promisor by B., the promisor cannot defend by showing that A., before said judgment was recovered, purchased of B. the demand which was the subject matter thereof, and afterwards, on the trial of the action, testified as a witness against the promisor.

A note given by a judgment debtor to the assignee of the judgment, in part payment thereof, is on a sufficient consideration.

Assumpsit on this instrument : " Six months after date, with interest from date, I promise to pay Charles McClees, or order, the sum of two thousand seven hundred twelve dollars and $\frac{50}{100}$, for value received this 6th of April, 1840. Tamerlane Burt. (Seal)." No seal was affixed to the instrument, but the word ' seal ' was added to the defendant's name, and was encircled with a line of the pen.

At the trial in the court of common pleas, before *Strong*, J. the defendant contended that the instrument was under seal, and objected to its being admitted in evidence to support the action of assumpsit. This objection was overruled.

The defendant then offered evidence that said instrument was given in consequence of the recovery of a judgment against himself, Luther Babbitt, Gilbert W. Strange and Asa Paul, in an action of John Sikes, at the March term, 1840, of the superior court for Tyrrel county, North Carolina ; that in the trial of said action, the present plaintiff was a material witness for said Sikes, both as to the maintenance of the action and the amount of damages, and yet that, at the time of said trial, he had purchased and was the owner of the subject matter of said action ; and that the present defendant, at the time of his executing the instrument now in suit, did not know nor suspect that the interest in the said judgment, or that the interest, at the time of said trial, in the subject matter of said action, was in the present plaintiff. This evidence was not admitted.

There was evidence that John Sikes of North Carolina, at

the term above mentioned of the superior court of that State, recovered judgment, in two actions of trespass for cutting his wood and timber, against the present defendant and the three other persons abovenamed ; that said Luther Babbitt, alone or in connexion with said Asa Paul, was charged with the defence of said actions — the present defendant being then in Massachusetts ; that the present defendant, soon after said judgment was recovered, went to North Carolina, and executed the instrument now in suit, which was for half the amount of said judgment — being the portion of himself and said Gilbert W. Strange — which instrument was intended as satisfaction of said judgment, so far as said Strange and the present defendant were concerned ; and that the present plaintiff then and there acknowledged, in writing, that he had received of the present defendant " $2712.50, the one half of a judgment recovered against Babbitt, Burt, Paul and Strange, in favor of John Sikes," &c.

The defendant objected that this evidence did not show a sufficient consideration for the instrument declared on, and that the same was without consideration. The plaintiff then offered evidence to prove that said Sikes assigned said judgment to him before said instrument was executed ; and the judge stated, that if such assignment should be proved to have been so made, there would be a sufficient consideration for the instrument declared on. The evidence was received, and the counsel for the defendant " declined going to the jury upon the question whether there was such an assignment before the instrument declared on was executed." Whereupon the jury, under the direction of the judge, found a verdict for the plaintiff. The defendant alleged exceptions to said rulings and directions.

*Holmes*, for the defendant. 1. The defendant should have been permitted to show the fraud of the plaintiff in testifying in a cause which was in fact, though not then known to be, his own. No one is permitted to take advantage of his own wrong

2. The instrument declared on is a specialty in North Carolina, where it was executed, and assumpsit will not lie upon it 4 Kent Com. (3d ed.) 452. See also *Richards v. Killam,* 10 Mass. 239.

---

McClees v. Burt.

---

*Coffin*, for the plaintiff, cited *Homer* v. *Fish*, 1 Pick. 435, to the first point ; and *Warren* v. *Lynch*, 5 Johns. 239, and Story's Conflict of Laws, §§ 556 – 558, to the second.

WILDE, J.    At the trial of this case in the court of common pleas, several exceptions were taken by the defendant's counsel to the rulings and decisions of the presiding judge, none of which, in our opinion, can be sustained.    The first exception is, that the writing on which the action is founded appears to be a sealed instrument, and consequently that the action should have been an action of debt or covenant.    But this does not appear by the writing produced in evidence.    According to the common law, and the law of this Commonwealth, this is not a writing under seal, nor is it placed on the same footing with specialties or contracts under seal.    If the law of North Carolina, where the contract was made, be otherwise, it should have been proved. Such proof, however, would not avail the defendant, it being a well settled rule of law, that in deciding a question as to the form of action for the breach of a contract made in a foreign state or nation, the *lex fori* and not the *lex loci contractus* must govern.    *Warren* v. *Lynch*, 5 Johns. 239.    *Pearsall* v. *Dwight*, 2 Mass. 90.    *Bank of United States* v. *Donnally*, 8 Pet. 361. *Andrews* v. *Herriot*, 4 Cow. 508.    *Don* v. *Lippmann*, 5 Clark & Fin. 1.    *Trasher* v. *Everhart*, 3 Gill & Johns. 234.

Another exception is, that the evidence offered by the defendant to prove the invalidity of the judgment, for the discharge of which in part the contract in question was made, was illegally excluded.    As the defendant was a party to that judgment, it is very clear, we think, that he cannot collaterally impeach it in this action.    The case of *Homer* v. *Fish*, 1 Pick. 435, and the cases there cited, are decisive on this point.    If that judgment was fraudulently obtained, the defendant's remedy is by application to the court, that rendered it, to vacate it.    And if by the laws of North Carolina it may be vacated by a writ of review or otherwise, the defendant will not be deprived of his remedy, by the plaintiff's recovery against him in the present action.    Considering that judgment as valid, it cannot be doubted that the discharge of it in part was a good consideration for the contract in suit.                    *Exceptions overruled.*