■ Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit brought by the bank, as bearer of a promissory note against Hemphill, as indorser. There were not regular indorsements from the payee to the holder. The plea was non assumpsit, not supported by affidavit. There was a verdict and judgment for the plaintiff below. A new trial was asked for and refused, to which a bill of *49 exceptions was'filed, embodying the testimony, and the cause brought by rvrit of error to this court.
The defence attempted to be set up on this part of the case, is, that the note was indorsed in blank, and was afterwards filled up, and used for a purpose different from that which was intended. The law in regard to such defence is settled by this court in Johnson v. Blasdale et al. 1 S. & M. 17. But it is insisted that the defendant has not placed himself by his plea in a situation in which he can resort to this defence, because he has not denied the execution of the instrument by plea under oath, as required by the statute. This is unquestionably true. In Green v. Robinson, 3 How. 121, it was decided that by pleading in chief, the defendants admitted the execution of the note.
It is further urged by the plaintiff in error, that by a statute of Alabama, in which state this note was executed, no one can maintain an action as the bearer of a promissory note. See Clark et al. v. Field et al. 1 Ala. R., new series, 468; and that the same consequence attaches to. it here. If this question were properly made, it would present a point of much nicety and difficulty.
Two writers in the American Jurist take opposite sides of this point, and discuss it with ability. Vol. 9, p. 42; vol. 11, p. 101. Frequent cases of kindred character have arisen in the English courts. In one of the most recent, Trimbrey v. Vignier, 1 Bing. 162; 27 En. Com. Law, 340, the rule is thus stated: “ The interpretation of the contract must be governed by the law of the country, where the contract is made — the mode of suing, and the time within which suit must be brought, must be governed by the law of the country where the action is brought.” “ The question, therefore, is, whether the law of France, by which the indorsement in blank does not operate as a transfer of the note, is a rule which governs .and regulates the interpretation of the contract, or only relates to the mode of instituting and conducting the suit; for, in the former case it must be adopted by our courts, in the latter it may be altogether disregarded, and the suit commenced in the name of the present plaintiff.” “We *50 think the French law on the point above-mentioned is the law by which the contract is governed, and not the law which regulates the mode of suing.”
The supreme court of the United States, in a case decided about the same time, laid down the rule differently. They say, “ an instrument may be negotiable in one state, which may yet be incapable of negotiability by the laws of another; and the remedy must be in the courts of the latter on such instruments, according to its own laws.” Bank of the United States v. Donnally, 8 Peters, 372.
The decisions in the state courts seem not to harmonize. Judge Story, in his Conflict of Laws, (p. 222 - 474, second edition,) collects the cases, but makes no effort to reconcile them.
But we are not bound to decide the point from the shape in which it is presented, and we therefore leave it open. The statute of Alabama was not produced and proven in the court below, and the objection is now made that we cannot notice it without such proof. This objection is valid. Martin, Aiken et al. v. Martin, Pleasants & Co. 1 S. & M. 177.
We think, also, that by pleading to the merits of the action, without calling in question the character in which the party brought the suit, the objection, if any, is waived. Lanin et al. v. Trigg et al. H. & H. 595, decided by this court. This would not exclude proof that in truth the holder was not the owner of the note.
The judgment is afñrmed.