## LACOSTE *v*. BENTON.

Prescription being governed by the *lex fori*, where an instrument executed in another State is negotiable by its laws, but not negotiable by the laws of this State, an action on it here will not be barred by the prescription established by the laws of this State for negotiable instruments. *Per Curiam:* Where certain classes of contracts are enumerated in a statute establishing a prescription, a contract sued upon in our courts must be declared to be within or without the statute according to the character which our own laws attribute to it.

APPEAL from the District Court of Carroll, *Copley*, J. *Stacy* and *Sparrow*, for the plaintiff. *Short*, for the appellant, cited Howard and Hutchinson's Miss. Dig. pp. 373-4. Story, Confl. Laws, 2d ed., ss. 316, 366, 474. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff sues as receiver of the assets of the Bank of Mississippi, a corporation originally chartered under the name of the Lake Washington and Deer Creek Railroad and Banking Company. The action is upon an instrument in writing, in these words: ·

"February 28th, 1838.

"Twelve months after date we, or either of us, promise to pay to the Lake Washington and Deer Creek Railroad and Banking Company, at the Banking House in Princeton, eighteen hundred dollars, for money loaned to *A. C.*, and *J Roberts*, at the rate of seven per cent per annum from date until paid.

A. C. & J. ROBERTS,
W. M. BENTON,
DANL. BRADFORD."

The defendant pleaded the prescription of five years. There was judgment for the plaintiff, and the only question presented by the defendant and appellant for our consideration is, whether the prescription of five years, or that of ten years, is applicable to this instrument. If the former be applicable, the judgment must be reversed; if the latter, it must be sustained. By the statute of Mississippi, "all bonds, obligations, bills single, promissory notes, and all other writings for the payment of money, or any other thing, shall and may be assigned by endorsement, whether the same be made payable to the order or assigns of the obligee or payee, or not; and the assignee or endorsee shall and may sue in his own name, and maintain any action which the obligee or payee might or could have sued or maintained thereon, previous to assignment," &c.

The obligation having been made in Mississippi, it is contended by the appellant that, according to the law of that State, it was assignable by endorsement; that we must look to the law of that State for the purpose of determining the character of the obligation, and apply the rule of prescription accordingly. On the other hand the appellee contends that, for the purpose of prescription, the character of the obligation must be determined by our laws.

Before deciding the point in dispute it is proper to notice the character of this obligation under our own laws, and the article of the Civil Code by which the prescription of five years is established. The *instrument* is not a promissory note, nor such an instrument as, if made in Louisiana, would be negotiable, or transferrable by mere endorsement or delivery. It is not a promissory note, because not payable to bearer, nor to the payee, or order; consequently it

does not fall under the commercial law. Even in the case of a full and formal assignment of the instrument, the assignee would not become, as regards the maker of the instrument or third persons, the lawful owner of it until notice given to the debtor. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. And if, previous to notice having been given of the transfer to the debtor, either by the transferror or by the transferree, the debtor should have made payment to the transferror, the debtor is discharged. Civil Code, articles 2613, 2614. It is therefore obvious that such an instrument, if made in this State, would not fall within the intendment of article 3505 of the Code, which provides "that actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by endorsement or delivery (tout effet négociable ou transportable par endossement ou par simple remise), are prescribed by five years, reckoning from the day when these engagements were payable." The law has established the prescription of ten years for personal actions, as the general rule. Those provisions of the Code which establish lesser terms of prescription should be restrained to the particular cases which they regulate, and to what is expressly included in their dispositions. We are of opinion therefore that, if the instrument in question had been made in this State, it would be subject to the prescription of ten years. See Civil Code, art. 3506. *Whiting* v. *Prentice*, 12 Rob. 144. *Owen* v. *Holmes*, Ib. 150.

As therefore the character of this instrument differs according as we apply to its interpretation what is said to be the law of Mississippi, or the law of Louisiana, which law are we to adopt in deciding the plea of prescription. There is a general principle which has been so frequently recognized by the courts of this State as to be now beyond dispute. It is that prescription is a question affecting the remedy, and is controlled by the *lex fori*. The rule is not peculiar however to our own courts; but has become an universal one in international jurisprudence. It rests upon the indisputable right which every nation has, to settle for itself the time within which suits shall be litigated in its own courts. From this general principle it naturally follows that the meaning of the words used in our statute of prescriptions must be interpreted by our own laws; and that when certain classes of contracts are enumerated in the statute establishing a certain prescription, a contract sued upon in our courts must be tested by our own laws as to its character, and be declared to be either within or without the statute according to the character which our own laws attribute to it. If this course be not pursued, prescription is no longer a question appertaining to the remedy but to the merits.

We think the case of the *Bank of the United States* v. *Donnally*, 8 Peters, 373, an authority quite applicable to the present controversy, and that the distinction which the counsel for the defendant endeavors to draw between that case and this is not tenable. In that case it is true that the instrument was not perhaps, under the statute of Kentucky, a specialty or sealed instrument. The statute did not declare that such an instrument should be deemed a specialty, but only that it should be put on the same footing as sealed instruments, and have the same consideration, force, effect and remedy as sealed instruments. But the court did not put the case upon that ground, but said that, even if it were admitted that the promissory note then in controversy was a specialty by the laws of Kentucky, still it would not help the case, unless it were also a specialty and recognized as such by the laws of Virginia. For the laws of Virginia must govern as to the limitation of suits in its own courts, and as to the

LACOSTE
*v.*
BENTON.

interpretation of the meaning of the words used in its own statutes. So here, under the authority of that case, the plaintiff may well say, the instrument we sue upon may be by the laws of Mississippi transferrable by endorsement or delivery, but the laws of Louisiana do not recognize it as having that character, and therefore it does not fall within the class of instruments which the Code enumerates in article 3505.

We do not consider the case of *Donnally* as resting upon a mere question of the form of the action. The point was expressly made, that the note was a specialty according to the laws of Kentucky, and that this constituted a part of its nature and obligation. The court substantially answered, if it be a specialty by the laws of Kentucky, yet as the statute of Virginia provides that all actions of debt grounded upon any lending or contract without specialty shall be commenced and sued upon within five years next after the cause of such action or suit, and not after, your claim by the laws of Virginia is barred.

Authority and principle are both therefore in affirmance of the judgment rendered by the court below; and we may remark further, that the rule derives an additional recommendation from the facility it affords in the administration of justice. Our courts in deciding pleas of prescription can readily determine the character of an instrument by applying the simple and familiar tests of our own jurisprudence, but would be exposed to frequent perplexity and probable error, if required to expound and apply the rules of a foreign jurisprudence or legislation. *Judgment affirmed.*