**ALROPA CORPORATION v. ROSSEE.**

**ROSSEE v. ALROPA CORPORATION.**

Nos. 8124, 8188.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1936.

C. Baxter Jones, of Macon, Ga., for Alropa Corporation.

Charles J. Bloch and John E. Hall, both of Macon, Ga., and Erwin Sibley, of Milledgeville, Ga., for P. C. Rossee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The suit filed September 11, 1935, in a court of the United States in Georgia is upon five written promises to pay money made in Florida September 3, 1925, and payable in Florida, the last one three years after date. They were signed "P. C. Rossee (Seal)," but contained no reference to a seal otherwise. By demurrer it was set up that the suit was barred by the 6-year limitation of the Georgia statutes. An amendment was made asserting that, under the statutes of Florida where the instruments were executed and to be performed, the notes were effectively sealed. The court held the suit barred and dismissed it.

The Florida statutes referred to in the amendment are: "A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal." "All written instruments heretofore or hereafter made with a scrawl or scroll, printed or written, affixed as a seal are declared to be sealed instruments, and shall be construed and received in evidence as such in all the courts of this State." Comp.Gen.Laws 1927, §§ 5704, 5705. The Florida court holds that no reference to a seal in the body of the instrument is necessary. Grand Lodge v. State Bank, 79 Fla. 471, 84 So. 528; Langley v. Owens, 52 Fla. 302, 42 So. 457, 11 Ann.Cas. 247. The Georgia statute of limitations passed in 1856 reads thus: "Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action shall have accrued, but no instrument shall be considered under seal unless so recited in the body of the instrument." "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." Code 1933, §§ 3-703, 3-705. It is well settled by the Georgia decisions that the word "seal" in a scroll, or its equivalent, following a signature does not make the instrument one under seal within the meaning of this statute unless there be a recital of a seal in the body of the instrument. Chambers v. Kingsberry, 68 Ga. 828; Barnes v. Walker & Co., 115 Ga. 108, 41 S.E. 243; Jackson v. Augusta Ry. Co., 125 Ga. 801, 54 S.E. 697.

It is not denied, nor can it be, that in general the law of the place of making the contract or of its performance will control matters touching its validity and meaning and the substantial rights of the parties under it, though a remedy is sought in another state; but that matters affecting the remedy, including its limitation, will be governed by the law of the forum. Bank of United States v. Donnelly, 8 Pet. 361, 8 L.Ed. 974; Le Roy v. Beard, 8 How. 451, 12 L.Ed. 1151; Townsend v. Jemison, 9 How. 407, 13 L.

Ed. 194; Obear v. First National Bank, 97 Ga. 587, 25 S.E. 335, 33 L.R.A. 384. The contention is that whether an instrument be a specialty involves questions of substantive right, and, under the recent decision in Burns Mortgage Co. v. Fried, 292 U.S. 487, 54 S.Ct. 813, 79 L. Ed. 1380, 92 A.L.R. 1193, ought to be determined by the law of the place of contract, the Georgia definition of sealed instruments being interpreted as referring only to contracts made in Georgia. To this we do not agree. In the case of Burns Mortgage Company no statute of the forum was involved, but the question was whether, under the practice of the forum, the plaintiff could sue in its own name as holder upon a promise to pay money in which it was not the payee. This in turn raised the question of the negotiability of the instrument and really involved the title of Burns Mortgage Company to it, which was held to be a substantive right and to be determined by the law of Florida where the notes were made and transferred rather than by the law of Pennsylvania where they were sued. We do not think this decision impairs the authority of Bank of United States v. Donnally, supra, where it was squarely held that the law of the forum, and not that of the place of contract, applies to determine whether the instrument is under seal within the meaning of the limitation statute of the forum. It would of course be otherwise if the question were of the sufficiency of the instrument as title or to sustain some right, other than the right to use the court of the foreign state. The Georgia definition of a sealed instrument is a part of its limitation statute. The effect of it is as though it had been written "Actions on bonds or other instruments which recite a seal in the body of the instrument shall be brought in twenty years." Unless the instrument sued on contains such a recital, no matter what its effect in Florida or elsewhere may be, it is not entitled to the 20 years' limitation of the Georgia law in a court in Georgia. The judgment on the main appeal is affirmed. The cross-appeal complaining of a refusal to sustain another ground of demurrer is dismissed.