THE ALROPA CORPORATION

*vs.*

COLLETT E. BRITTON AND SHIRLEY K. BRITTON.

RUMFORD FALLS TRUST COMPANY AND RUMFORD NATIONAL BANK TRUSTEES.

Oxford.     Opinion, December 30, 1936.

*Hugh W. Hastings,* for plaintiff.
*Ralph T. Parker,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

STURGIS, J.    This action of assumpsit, commenced on July 31,
1936, is brought to recover the amounts due upon three promissory
notes made by the defendants on December 16, 1925, at Miami,
Florida. The defendants, having resided at Rumford, Maine, more
than six years next prior to the commencement of this action, plead-
ed the statute of limitations. The case is reported on an agreed
statement of facts.

The notes in suit were each for $3125 and payable respectively in
twelve, twenty-four, and thirty-six months after date. They were
written into forms on which appeared at the right of both lines for
signatures the printed word "Seal" inclosed in brackets. No seals by
impression, wafer or wax were affixed. Incidental provisions as to
interest, protest and collection costs appear in the notes but are
here immaterial and need not be recited.

It is agreed in the statement accompanying the case that under the law of the State of Florida the notes are sealed instruments and an action may be begun on them in that jurisdiction within twenty years after they became due. Lacking judicial knowledge, we must assume for the purposes of this case that this statement of that law is correct. It does not, however, give the plaintiff a right to recover in this action. In this state, an instrument bearing only a scroll in the form of the printed word "Seal" inclosed in brackets is not a sealed instrument. Action upon it must be brought in assumpsit. *Manning* v. *Perkins*, 86 Me., 419, 29 A., 1114. Furthermore, the general statute of limitations here provides that actions of assumpsit founded on any contract or liability, express or implied, shall be commenced within six years after the cause of action accrues and not afterwards. R. S., Chap. 95, Sec. 90, Par. IV. Personal actions on any contract not otherwise limited may be brought within twenty years after the cause of action accrues. R. S., Chap. 95, Sec. 97. Actions on sealed instruments in the form of covenant broken or debt are governed by this twenty-year limitation. If brought in assumpsit as permitted by R. S., Chap. 96, Sec. 27, that form of action is "otherwise limited" by the general statute of limitations. It is the form of action adopted by the pleader, rather than the cause of action upon which it is based, which determines the period within which it may be commenced.

It is well settled that the question as to the proper form for a given action is a matter of procedure and governed by the law of the forum. Beale on Conflict of Laws, Vol. III, 1602. Thus it is held that assumpsit is the appropriate form of action upon an instrument which is not a specialty in the jurisdiction where the action is brought, although it would be deemed a sealed instrument in the place where the agreement was entered into. *LeRoy* v. *Beard*, 8 How., 451; *Andrews* v. *Herriot*, 4 Cowen, 508; *Douglas* v. *Oldham*, 6 N. H., 150; *Nowell* v. *Waterman*, 53 R. I., 16, 163 A., 402. But if by the law of the forum a scroll is considered to be a seal, although it is not a seal by the law of the jurisdiction where the instrument was executed, the action must be brought in covenant or debt. *McClees* v. *Burt*, 5 Metc. (Mass.), 198; *Trasher* v. *Everhart*, 3 Gill & J. (Md.), 234. In the light of these authorities, it must be held that this action on notes which are not specialties under the law of

this state was of necessity brought in assumpsit. Common-law rules of procedure rather than the statute compel this form of pleading.

Statutes of limitation, which do not extinguish the right itself, operate merely on the remedy and, in the absence of statute to the contrary, all questions arising thereunder must be determined by the law of the forum and not by the law of the situs of the contract. If the action is barred by the local statute of limitations, the suit may not be maintained. In such a situation, the statute of limitations in the jurisdiction in which the cause of action accrued is immaterial. *Lamberton* v. *Grant*, 94 Me., 508, 48 A., 127 ; *Thompson* v. *Reed*, 75 Me., 404 ; *Thibodeau* v. *Levassuer*, 36 Me., 362 ; *Bank of United States* v. *Donnally*, 8 Peters, 361 ; *Watson* v. *Brewster*, 1 Barr. (Pa.), 381 ; *Mandru* v. *Ashby*, 108 Md., 693, 71 A., 312 ; *Kirsch* v. *Lubin*, 228 N. Y. S., 94 ; Beale on Conflict of Laws (1935), Vol. III, Sec. 603 ; Wood on Limitations, Vol. I, Sec. 8 ; 37 Corpus Juris, 729 n. The following cases aptly illustrate the application of this rule.

In *Bank of United States* v. *Donnally*, supra, an action of debt was brought in Virginia upon a promissory note made in the State of Kentucky, which under the laws of that jurisdiction could be sued upon as a sealed instrument. It was held, however, that under the laws of the forum the instrument was not a specialty and action thereon was barred by the general statute of limitations. Mr. Justice Storey, delivering the opinion of the court, said:

"The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the *lex fori*. No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that state; therefore, a like action will lie in another state, where covenant can be brought only on a contract under seal. It is an appropriate part of the remedy, which every state prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity

and interpretation of the contract may be admitted to be the same in both states ; but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ. The remedy, in Virginia, must be sought within the time, and in the mode, and according to the descriptive characters of the instrument, known to the laws of Virginia, and not by the description and characters of it, prescribed in another state."

In *Watson* v. *Brewster*, supra, the plaintiff brought an action on notes executed and payable in New York and bearing a scroll seal which under the laws of that state was not sufficient to make the note a sealed instrument and take it out of the ordinary statute of limitations. In Pennsylvania where the action was brought, a scroll was recognized as a seal and the period of limitations there applicable to sealed instruments governed the case.

In *Mandru* v. *Ashby*, supra, on similar facts the same rule was applied.

In *Kirsch* v. *Lubin*, supra, in an action brought in New York upon an instrument executed in the province of Quebec, not having the seal of a party but bearing a notarial seal and regarded as a specialty where made, the instrument not being a sealed instrument under the laws of New York it was held that the general statute of limitations rather than that applicable to sealed instruments applied.

We find nothing in the Restatement of the Law of Conflict of Laws, Sec. 335, relied upon by counsel for the plaintiff, which conflicts with the foregoing rules. The law of the place of contracting undoubtedly determines the validity and effect of a sealed instrument. This is not a denial of the right of the forum to apply its rules of procedure and limitation when its jurisdiction is invoked in an action upon a foreign contract.

This action of assumpsit on these notes, having been brought more than six years after the cause of action accrued, is here barred by the statute of limitations. The parties have stipulated that, if the action is barred, judgment shall be entered for the defendants. The case must be remanded to the court from which it originated and that entry made upon the docket.

*So ordered.*