## BURNS MORTGAGE CO., Inc., v. HARDY.

District Court, D. New Hampshire.
March 31, 1937.
On Motion for Rehearing May 21, 1937.

, Alfred Chretien, of Manchester, N. H., for Burns Mortgage Co., Inc.

Robert Upton, of Concord, N. H., for Hardy.

MORRIS, District Judge.

This is an action at law brought by the plaintiff to recover from the defendant the amount due upon a, certain promissory note given in the state of Florida, dated October 10, 1925, which note is alleged to be given under seal as appears from the copy thereof attached to plaintiff's writ.

On March 15, 1937, the defendant filed a demurrer alleging as grounds therefor,

(1) "The plaintiff's declaration does not set forth facts sufficient to constitute a cause of action against him.

(2) "The plaintiff's alleged cause of action is barred by the statute of limitations Chap. 329, Public Laws and particularly Section 3 thereof."

The important question appears to be whether or not the note in issue is barred by the statute of limitations and this depends upon whether it is a specialty or a simple contract.

An examination of the original note discloses that after the signature of the maker there is printed within parentheses the word "seal." No wax seal or wafer is attached. Such an instrument would not be a specialty under the laws of the state of New Hampshire. Douglas v. Oldham, 6 N.H. 150; Cutts v. Frost, Smith (N.H.) 309, 312.

The lex loci contractus settles the nature, validity, construction, and effect of a contract; but the lex fori settles what is the proper form of action to be brought for a breach of it.

Sections 5704 and 5705 of the Compiled General Laws of Florida 1927, chapter 4148, Acts of 1893, provide as follows:

. "A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal."

"All written instruments heretofore or hereafter made with a scrawl or scroll printed or written, affixed as a seal are declared to be sealed instruments, and shall be construed and received in evidence as such in all the courts of this State."

The word "Seal" inclosed in parentheses after the maker's name on a promissory note makes the note a sealed instrument. Grand Lodge v. State Bank, 79 Fla. 471, 84 So. 528.

The note in suit being a specialty in Florida but not in New Hampshire, any action brought upon the note is governed by the laws of the lex fori. Le Roy v. Beard, 8 How. 451, 12 L.Ed. 1151; Bank of the United States v. Donnally, 8 Pet. (33 U.S.) 361, 8 L.Ed. 974; Douglas v. Oldham, supra; Cutts v. Frost, Smith (N.H.) 309, 312.

The declaration in plaintiff's writ appears to be founded on a covenant or sealed instrument. It should be in assumpsit and therefore the demurrer to the declaration as set forth in defendant's first ground is sustained.

This objection to the writ may be remedied by amendment upon application therefor being seasonably made.

The second ground of demurrer appears to be vital to the cause of action in this jurisdiction.

Public Laws N. H. c. 329, § 3, provides:

"*Personal Actions.* Actions of trespass to the person and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward."

Section 4 is as follows:

"*Specialties.* Actions of debt upon judgments, recognizances and contracts under seal may be brought within twenty years after the cause of action accrued, and not afterward."

The question is whether action on the note in suit is prescribed by the six-year limitation or whether action thereon may

be brought in this state at any time within twenty years.

■ Statutes of limitation are local in character. Every state may legislate on the subject in accordance with its own policy. They are governed by the lex fori and not by the lex loci contractus. The Bank of the United States v. Donnally, supra; M'Elmoyle v. Cohen, 13 Pet. 312, 10 L.Ed. 177; Connecticut Valley Lumber Company v. Maine Central R. R., 78 N.H. 553, 103 A. 263.

■ The note in suit being a simple contract and not a specialty falls under the six-year limitation provided by the statute of New Hampshire and therefore action is barred thereon in this jurisdiction.

■ The second ground of demurrer must be sustained. The test that I have applied is, what would have been the ruling if a like note had been presented by a citizen of New Hampshire.

The order is, demurrer sustained on both grounds.

### On Motion for Rehearing.

After filing opinion of March 31, 1937, plaintiff moved for a rehearing which was granted and heard April 28, 1937.

After careful consideration, I find no reason for changing my rulings already made and I will add nothing to my former opinion except to call attention to the following cases which appear to support my conclusions: Alrope Corporation v. Rossee (C.C.A.) 86 F.(2d) 118; Coral Gables v. Christopher (Vt.) 189 A. 147; Alropa Corporation v. Britton, 135 Me. 41, 188 A. 722.