**BURNS MORTGAGE CO., Inc., v. HARDY.**
No. 3304.

Circuit Court of Appeals, First Circuit.
Jan. 26, 1938.

478

Sigmund H. Steinberg, of Philadelphia, Pa. (Arnold Winokur and Blanc & Steinberg, all of Philadelphia, Pa., and Alfred J. Chretien and Chretien & Craig, all of Manchester, N. H., on the brief), for appellant.

Laurence I. Duncan, of Concord, N. H. (Robert W. Upton, of Concord, N. H., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for New Hampshire in an action at law in favor of the defendant. It appears that on September 17, 1936, the plaintiff brought an action of covenant upon a promissory note for $5,666.67, payable in twelve quarterly installments, alleged to be under seal and to have been executed and delivered for a valuable consideration October 10, 1925, to the Atlantic Shores Corporation, a Florida corporation having its principal place of business in that state, and setting forth a copy of the note, payments of principal and interest as indorsed thereon, signed by Edward H. Hardy, after whose name is printed the word "seal" inclosed within a parenthesis, but with no wax seal or wafer attached. It was further alleged that, prior to maturity, the payee, for a valuable consideration, indorsed and delivered the note to one Mary V. Reardon, without notice of any infirmity in the note or defect in the title thereto, who, after maturity, for a valuable consideration, transferred and delivered the same to the plaintiff. Subsequently the original note was filed in the case disclosing that no wax seal or wafer was attached to it following the signature of the maker, but bore the word "seal" printed as above stated.

The defendant, on March 15, 1937, demurred to the declaration on the grounds (1) that the plaintiff's declaration did not set forth facts sufficient to constitute a cause of action; and (2) that the alleged cause of action was barred by the statutes of limitation, chapter 329 of the New Hampshire Public Laws, and particularly section 3 thereof.

Thereafter a hearing was had on the demurrer. and, on March 31, 1937, the District Court rendered an opinion in which it held that inasmuch as, under the law of New Hampshire, the law of the forum, an instrument not bearing a wax seal or wafer is not a specialty or contract under seal (Douglas v. Oldham, 6 N.H. 150; Cutts v. Frost, Smith, N.H., 309) and as the law of the forum determined the form of action to be brought (Le Roy v. Beard, 8 How. 451, 12 L.Ed. 1151; Bank of The United States v. Donnally, 8 Pet. 361, 8 L.Ed. 974; Douglas v. Oldham, supra; Cutts v. Frost, supra) the declaration should have been in assumpsit and not in covenant, and sustained the first ground of demurrer. As to the second ground, after setting out sec-

tions 3 and 4 of chapter 329 of the New Hampshire Public Laws, it considered the question whether the six-year limitation to personal actions prescribed in section 3, chapter 329 or section 4 of that chapter permitting an action on a contract under seal to be brought within twenty years after the cause of action accrued, applied, and reached the conclusion that, inasmuch as statutes of limitation were remedial in character they were governed by the law of the forum (Bank of United States v. Donnally, supra; McElmoyle v. Cohen, 13 Pet. 312, 10 L.Ed. 177; Connecticut Valley Lumber Company v. Maine Central Railroad, 78 N.H. 553, 103 A. 263), and as the note sued on was, under New Hampshire law, a simple contract and not a contract under seal, the action was barred by force of section 3; it not having been brought within six years after the cause of action accrued.

Thereafter, on April 3, 1937, the plaintiff moved to amend its declaration by striking out the word "covenant" in the first line and inserting in its place the word "assumpsit" and by inserting after the word "seal" in the last line of the first paragraph the words "under the laws of the place of making." After the amendment was made, the plaintiff was granted a rehearing, but at its close the court adhered to its previous decision.

The plaintiff, before amending its declaration, took no exception to the ruling of the court that the note, under the law of New Hampshire, was a simple contract, not one under seal, and that the declaration should be in assumpsit, not covenant. And in its argument and brief on this appeal it admits that the form of action is remedial and governed by the law of the forum and that, in determining the form of action, the District Court was authorized to determine whether, by the law of the forum, the contract sued upon was a simple contract and not a contract under seal, basing its action for so doing upon Le Roy v. Beard, 8 How. 451, 12 L.Ed. 1151, and other cases cited. This appears in its brief (p. 17) where it says: "In view of the fact that the rule of Le Roy v. Beard, supra, is so well settled, the appellant took no exception to the ruling of the Court below on the first ground of demurrer, and amended its declaration from covenant to assumpsit. The Court was undoubtedly correct, under the law as it stands today, in deciding that so far as the form of action was concerned,

the law of New Hampshire decided whether or not the note was sealed." See Restatement of the Law, Conflict of Laws, § 587, b. 1; 11 American Jurisprudence, Conflict of Laws, §§ 186, 188.

■ The plaintiff's position as to the second ground of demurrer relating to the statute of limitations is' that, although it concedes that the law of the forum governs the form of action, including the question whether the instrument is a simple contract or one under seal, it is not inconsistent for it to contend that the instrument is a sealed one for the purpose of the statute of limitations. But there can be no doubt that the position taken as to the statute of limitations is entirely inconsistent with that taken as to the form of action, for, in either case, the question is one of procedure depending upon the law of the forum, and if, according to that law, the contract is a simple contract calling for a personal action, as the District Court here determined when considering the first ground of demurrer, then there is no question to be determined as to what statute of limitations applies, for section 3 of chapter 329 points out that the six-year limitation applies. Section 3 provides:

"Personal Actions. Actions of trespass to the person and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward."

Applying that statute, the plaintiff's action is barred. 11 American Jurisprudence, Conflict of Laws, § 127.

■■ But if the question of the form of action had not been raised and decided in the court below and the defendant had only pleaded the statute of limitations, the court would then have had to determine whether the applicable statute of limitations was the six-year limitation or the twenty-year limitation provided for in section 4. Section 4 reads as follows:

"Specialties. Actions of debt upon judgments, recognizances and contracts under seal may be brought within twenty years after the cause of action accrued, and not afterward."

In determining whether the latter section would apply, the court would have to construe the section and determine what the words "contracts under seal," as there employed, mean, and, as the words are embraced in a New Hampshire statute, the

480

question is necessarily to be determined by the law of that state. It cannot, with reason, be contended that the Legislature of New Hampshire, in enacting section 4, intended that the words "contracts under seal" should define or embrace any contracts other than those which were regarded by the laws of New Hampshire to be contracts under seal. It surely did not mean to include within those words contracts which might be regarded as under seal by the laws of Florida, statutory or otherwise, or of any other state or country.

This is plainly pointed out by Mr. Justice Story in Bank of United States v. Donnally, 8 Pet. 361, 371, 372, 8 L.Ed. 974. In that case suit was brought in the District Court for the Western District of Virginia upon a promissory note made in Kentucky and alleged to have been made in writing without seal, but, by a law of Kentucky, was placed upon the same footing with a sealed writing and was regarded by the courts of Kentucky as being of the same force and effect as a writing under seal. Among other defenses the defendant pleaded the statute of limitations of Virginia, 1 Rev. Code 1819, c. 128, p. 488, § 4, which provided that "all actions of debt, grounded upon any lending or contract without specialty" shall be commenced and sued on within five years after the cause of action arose, and not after. In commenting on this statute, the court said:

"This being the language of the act, and confessedly governing the remedy in the courts of Virginia, the bar of five years must apply to all cases of contract, which are without specialty, or, in other words, are not founded on some instrument acknowledged as a specialty by the law of that state. The common law being adopted in Virginia, and the word 'specialty' being a term of art of that law, we are led to the consideration, whether the present note is deemed, in the common law, to be a specialty. And certainly it is not so deemed. It is not a sealed contract, nor does it fall under any other description of instruments or contracts or acts known in the common law as specialties. The argument does not deny this conclusion; but it endeavors to escape from its force, by affirming, that the note is a specialty according to the laws of Kentucky; and if so, that this constitutes a part of its nature and obligation; and it ought, everywhere else, upon principles of international jurisprudence, to be deemed of the like validity and effect."

In commenting on this question the court adds:

"The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed; but the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the lex fori. No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that state, therefore, a like action will lie in another state, where covenant can be brought only on a contract under seal. It is an appropriate part of the remedy, which every state prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity and interpretation of the contract may be admitted to be the same in both states; but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ. The remedy, in Virginia, must be sought within the time, and in the mode, and according to the descriptive character of the instrument, known to the laws of Virginia, and not by the description and character of it, prescribed in another state. * * *

"If, then, it were admitted, that the promissory note now in controversy were a specialty, by the laws of Kentucky, still it would not help the case, unless it were also a specialty, and recognized as such, by the laws of Virginia; for the laws of the latter must govern as to the limitation of suits in its own courts, and as to the interpretation of the meaning of the *words used in its own statutes.*" (Italics supplied.)

In other words the five-year statute of limitations of Virginia applied to any action on a contract that was not a specialty and, as the word "specialty" is used in the statute of Virginia, the interpretation and meaning of that word is to be determined by the law of Virginia, the same as we have pointed out that the words "contracts under seal" in the New Hampshire statute are to be construed and determined by the law of New Hampshire.

The legal proposition governing this case is: That to the extent the validity of a seal affects the obligation of a contract it is to be tested by the lex loci contractus; but to the extent that it affects the remedy

for the enforcement of the contract in a forum other than the one in which it was made, including the statute of limitations of such forum, it is to be tested by the law of the forum—the lex fori.

See, also, Alrope Corp. v. Rossee, 5 Cir., 86 F.2d 118; Coral Gables v. Christopher, 108 Vt. 414, 189 A. 147, 109 A.L.R. 474; and Restatement of the Law, Conflict of Laws, § 603; 11 American Jurisprudence, Conflict of Laws, §§ 127 and 191.

The provisions of section 335 of the Restatement of the Law, Conflict of Laws, referred to by the plaintiff, are directed to the obligations of the instrument rendering it binding, not to the remedy for its enforcement in a forum foreign to the one in which it was made. This is clearly shown by section 346, where it says "the law of the place of contracting determines what are the obligations of a sealed instrument," and by section 332, comment a, where it says: "The rule stated in this section is applicable to determine the binding nature of the promise." However the wording of section 335 of the Restatement, as it stands, is misleading, and has misled. See Alropa Corporation v. M. A. Flatley, Wis., 277 N.W. 108, decided by the Supreme Court of that State January 11, 1938.

The judgment of the District Court is affirmed, with costs to the appellee.